**Robert T. HIGDON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00696–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 22, 1988.

Robert T. Higdon, Houston, pro se.

Henry Burkholder, III, Houston, for appellant.

John B. Holmes, Dist. Atty. Harris County, Carol Cameron, Asst. Dist. Atty. Harris County, for appellee.

Before EVANS, C.J., and SAM BASS and WARREN, JJ.

OPINION

WARREN, Justice.

A jury found appellant guilty of assault, and assessed punishment at 60 days confinement, probated for one year, and a $300 fine.

The record reflects that, prior to the commission of the alleged assault, the complainant and appellant were involved in a minor traffic accident. The complainant, a 16–year–old girl, struck appellant's vehicle from behind. Both appellant and the complainant pulled over and stopped at the side of the road. Appellant then approached the complainant, and proceeded to shout profanities at her. When the complainant told the appellant to stop, he struck her with his hand, and then pushed her into a lane of traffic. The complainant then got in her car and attempted to flee from appellant. The complainant drove to the parking lot of her father's office building, and appellant followed her. When the complainant stopped in the parking lot, appellant hit her car from behind. He then hit the complainant again, and pushed her down. When the complainant attempted to get the keys out of appellant's car to prevent him from leaving with it, appellant grabbed the complainant by the hair and drug her across the parking lot, and then threw her against a parked truck. Ms. Watson, a witness who observed the altercation in the parking lot, testified that she saw a middle-age man strike the complainant, but never saw the complainant strike the man. She described the scene as a "middle-aged man attacking a teenage girl." As a result of the attack, the complainant suffered bruises on her neck, a headache, a hurt shoulder and neck, and her shoulder and hand bled.

Appellant raises three points of error, each pertaining to the trial court's response to a note sent out by the jury during deliberations at the guilt/innocence phase. The note was signed by the jury foreperson, and requested the testimony of state witness Patricia Watson. The note read, "The jury disagrees as to the statement of the witness: Ms. Watson[.] The jury certifies that the following part of such witness' testimony is the point in dispute: The statement indicating the initial physical contact between [the complainant] and [appellant] in front of the Lockhead [sic] building[.] What was the result from this action[?]" In response, the trial court submitted to the jury a transcript of the requested testimony.

In his first point of error, appellant contends that the trial court erred in sending back part of the testimony of Patricia Watson. Appellant asserts that from the foreperson's written request, the court could not determine what the jury wanted read back.

It is well settled that a trial court may allow a disputed portion of a witness' testimony to be read to the jury, and no other. Tex.Code Crim.P.Ann. art. 36.28 (Vernon 1981).

■ When the jury asks that certain disputed testimony be re-read, the court must first determine if the request is proper under art. 36.28. If it is proper, the court must then interpret the communication, decide, in its discretion, what sections of the testimony will best answer the query, and limit the testimony accordingly. *Iness v. State*, 606 S.W.2d 306, 314 (Tex.Crim.App. 1980).

In the instant case, the jury requested Watson's testimony pertaining to the initial physical contact between appellant and the complainant. Included in the testimony relayed back to the jury is Watson's statement, "What I recall and what stayed in my mind was that a middle-aged gentlemen was attacking a teenage girl."

■ Appellant, relying on *Pugh v. State*, 376 S.W.2d 760 (Tex.Crim.App.1964), argues that the inclusion of this portion of the witness' testimony bolstered the State's case and denied appellant a fair and impartial trial. In *Pugh*, however, the jury merely requested the date and time of the incident. After these were provided, the court sua sponte and over the defendant's objection, ordered all of the testimony of the arresting officer to be read, none of which related to the time and date of the incident. The Court of Criminal Appeals held this to be an abuse of discretion. In the instant case, the trial court limited the testimony to that portion that related to the jury's request, and therefore, did not abuse its discretion.

Appellant's first point of error is over-ruled.

In his second point of error, appellant contends that the trial court erred in sending a portion of Watson's testimony to the jury because it constituted a comment on the evidence.

Appellant argues that because the jury asked for Watson's testimony regarding the altercation between the complainant and *appellant,* the trial court erred in giving the jury Watson's testimony, because she testified that she could not identify the appellant as the person who assaulted the complainant.

Before reading the requested testimony, the court instructed the jury as follows:

> The Court Reporter in reviewing the contents of Ms. Pat Watson's testimony has indicated that the only confrontation or physical contact between [the complainant] and anyone is reference made to a middle-aged man, which Ms. Watson could not identify. And with that in mind, understanding that this Court is not telling you that that middle-aged man is Mr. Higdon; that is for you to decide from the facts in issue here.

■ Appellant argues that the trial court's submission of Watson's testimony to the jury constitutes a comment on the evidence in violation of Tex.Code Crim.P. Ann. art. 38.05 (Vernon 1979). In order to constitute reversible error in violation of art. 38.05, the comment of the court must be such that it is reasonably calculated to prejudice the defendant's rights. *Sharpe v. State,* 648 S.W.2d 705, 706 (Tex.Crim. App.1983). In light of the trial court's instruction to the jury, the court's action in reading Watson's testimony to the jury was clearly not a remark calculated to convey to the jury the trial judge's opinion of the case.

Appellant's second point of error is overruled.

In his third point of error, appellant contends that the trial court erred in preparing and sending the disputed portion of Ms. Watson's testimony to the jury in written form, when the statute requires that the trial court read the testimony to the jury.

Article 36.28 explicitly provides that the disputed testimony be read to the jury from the court reporter's notes. In the instant case, a transcription of the court reporter's notes was provided to the jury prior to the time that the testimony was read to the jury in open court. Appellant argues on appeal that the trial court's procedure of providing the jury with a transcript of the testimony served to unduly emphasize Watson's testimony, denying appellant a fair trial.

■ Appellant, however, failed to object to the trial court's procedure at the time the transcript was offered to the jury. Objections must be timely. *Thompson v. State,* 691 S.W.2d 627, 635 (Tex.Crim.App. 1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). Failure to object generally waives the error unless the statement is so prejudicial that no instruction could have cured the harm. *Green v. State,* 682 S.W.2d 271, 295 (Tex.Crim.App. 1984), *cert. denied,* 470 U.S. 1034, 105 S.Ct. 1407, 84 L.Ed.2d 794 (1985).

■ The testimony of Ms. Watson was not the only testimony allowed to go to the jury in transcript form. In addition, portions of appellant's own testimony were sent to the jury in transcript form twice during trial. Appellant acquiesced in the trial court's procedure in regard to the admission of transcripts of his own testimony. Because the trial court treated testimony both beneficial and adverse to the appellant in a similar manner, we cannot find, as appellant suggests, that the trial court's unorthodox methods constituted unfair bolstering of testimony prejudicial to him.

We find that the appellant was not harmed by the trial court's failure to comply with the procedures outlined in art. 36.28 for the repetition of disputed testimony.

Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.