**Nathan James GODWIN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 14–93–00272–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 11, 1995.

Discretionary Review Refused
Aug. 23, 1995.

Laura Elizalde, Houston, for appellant.

Dan McCrory, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

AMIDEI, Justice.

Appellant entered a plea of not guilty to the offense of murder. He was convicted and the jury assessed punishment at twenty years in prison. In three points of error, appellant claims (1) the evidence is insufficient to support his conviction; (2) the trial court erred in admitting hearsay testimony; and (3) he received ineffective assistance of counsel.

Robert Davenport, a Houston police officer, testified that he was on duty on April 10, 1992, when he responded to a "man down" call. Officer Davenport drove to a donut shop on West 18th Street, where he was

directed to an alley across the street. Davenport went into the alley and discovered the body of a man behind a dumpster. Upon closer examination, the officer observed several stab wounds to the man's neck and approximately seventeen more wounds to his torso.

Several days later, appellant and Mark Fuentes visited their friend, Michael Lopez. During their conversation, appellant read a newspaper article regarding a recent murder of a homeless man that had occurred on West 18th Street. Lopez recalled that the article concerned the discovery of a murdered man behind a dumpster on West 18th Street. The victim had sustained several stab wounds. After reading the article aloud, appellant pointed to himself and said, "I was the one that did that." Fuentes then volunteered, "I did it, too." Lopez' sister, Dolores Lopez, testified that appellant approached her and asked for a ride to a bus stop because he had killed someone and wanted to get out of town.

Joni McKenzie, an employee of Pet Mart on West 18th Street at the time of the murder, knew appellant and Shorty, the victim. Approximately two weeks before the murder, appellant told her that he and Shorty had fought over some food stamps Shorty had stolen from appellant. Appellant told McKenzie that if Shorty ever stole from him again, he would put him "six feet under." Monica Estes, another employee of Pet Mart, also heard appellant's threat. McKenzie also testified that she had seen appellant with a double-edged knife, which was the type knife used to kill Shorty. She further testified that appellant came into the store the day after Shorty's body was discovered, and she noticed that he had scratches on his face, a black or puffy eye, and a cut on his hand.

Appellant testified in his own behalf. He testified that he and Fuentes were together on April 9, 1992, when they encountered Shorty. Fuentes and Shorty began fighting, but appellant broke up the fight. Fuentes took appellant's knife and said he wanted to kill Shorty. At that time, appellant testified he ran from the scene, but as he looked back, he saw Fuentes standing over Shorty hitting him. Later, when Fuentes caught up with appellant, Fuentes threw the knife into the bayou.

The standard by which we measure sufficiency of the evidence was established in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979): the relevant question is whether, after viewing the evidence in the light most favorable to the verdict any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Gonzales v. State,* 689 S.W.2d 900 (Tex.Crim.App.1985). The standard is the same for both direct and circumstantial evidence. *Chambers v. State,* 711 S.W.2d 240, 245 (Tex.Crim.App.1986).

A person commits the offense of murder if he intentionally or knowingly causes the death of an individual. TEX.PENAL CODE ANN. § 19.02.[1] We must decide whether a rational trier of fact could have found beyond a reasonable doubt that appellant committed each element of the offense. The jury was charged on the law of parties. Therefore, appellant's conviction may also stand if we find that Mark Fuentes committed each element of the offense and appellant, acting with the intent to promote or assist the commission of the offense, solicited, encouraged, directed, aided, or attempted to aid Fuentes in committing the offense. TEX.PENAL CODE ANN. § 7.02.

Appellant claims the evidence is insufficient because it only showed he was at or near the scene of the offense at the time of its commission. Contrary to appellant's claim, the record contains more evidence of appellant's guilt than his mere presence at the scene of the offense.

The record shows that appellant admitted committing the murder to Michael and Dolores Lopez; he had threatened Shorty's life two weeks before the murder, and admitted in court that he had been at the scene of the murder. Further, he owned a double-edged knife of the type used to mur-

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See* Acts 1993, 73rd Leg., Ch. 900, § 1.18(b). Therefore, all references to the penal code are to the code in effect at the time the crime was committed.

der Shorty, he had previously fought with Shorty over food stamps, and the day after the murder, appellant was seen with scratches and cuts on his face and arms. Based on that evidence, a rational trier of fact could have found beyond a reasonable doubt that appellant committed the offense of murder or that he acted with intent to promote or assist the commission of the offense. Appellant's first point of error is overruled.

In his second point of error, appellant claims the trial court erred in allowing the hearsay statements of Michael Lopez and Dolores Lopez pursuant to TEX.R.CRIM.EVID. 803(24) in that those statements were not sufficiently corroborated. Appellant claims that the Lopes' testimony about his admissions of guilt were not properly corroborated as statements against interest. Appellant's admissions, however, were not hearsay under TEX.R.CRIM.EVID. 801(e)(2)(A). An admission by an accused to a third party is not hearsay and is admissible. *Russell v. State,* 598 S.W.2d 238, 254 (Tex.Crim.App.1980). Therefore, the exception to the hearsay rule found in rule 803(24) does not apply.

The exemption from the hearsay rule for party admissions should not be confused with the hearsay exception for declarations against interest covered by TEX.R.CRIM. EVID. 803(24). Unlike the declaration against interest, a statement by a party qualifies as an admission even if it was not against interest when made and was not corroborated. The rationale behind the admissibility of party admissions differs from that which underlies the hearsay exceptions based on circumstantial guarantees of trustworthiness. Admissions fall outside the hearsay rule because the policies of the rule do not logically apply to them. They are admissible, not because of any guarantees of trustworthiness, but because the party against whom they are offered, being their author, is estopped from complaining of any untrustworthiness that might inhere in them. When a party's own out-of-court statement is offered against him, it would be most incongruous to permit him to object to it by claiming that it is untrustworthy and should not be received because it was not given under oath, in the presence of the trier of fact, and subject to cross-examination. Goode & Sharlot, *Article VIII: Hearsay,* 20 HOUS.L.REV. 445, 499 (1983 Tex. R.Evid. Handbook).

Because Michael and Dolores Lopes' testimony about appellant's admissions was not hearsay, appellant's second point of error is overruled.

In his third point of error, appellant claims he received ineffective assistance of counsel because his counsel failed to request that the trial court grant a hearing on alleged juror misconduct. Appellant claims Juror # 13 allegedly stated to another juror, "that boy is lying." We find no such statement in the record. Appellant's trial attorney moved for a mistrial at the conclusion of all of the evidence because Juror # 13 had been inattentive since the defense started presenting its case. Trial counsel claimed the juror had mocked defense attorneys and had looked at the other jurors when appellant was testifying. Counsel claimed the juror had made up his mind after the State presented its case and that he was guilty of juror misconduct. Having reviewed the record, we find no statement by the juror that appellant was lying.

The U.S. Supreme Court established a two prong test to determine whether counsel is ineffective. First, appellant must demonstrate that counsel's performance was deficient and not reasonably effective. Second, appellant must demonstrate that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Essentially, appellant must show that 1) counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms, and 2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is defined as a probability sufficient to undermine confidence in the outcome. *Miniel v. State,* 831 S.W.2d 310, 323 (Tex.Crim.App.1992).

Judicial scrutiny of counsel's performance must be highly deferential. A court must indulge a strong presumption that counsel's conduct falls within the wide range

of reasonable professional assistance. *Strickland* 466 U.S. at 689, 104 S.Ct. at 2065. An ineffectiveness claim cannot be demonstrated by isolating one portion of counsel's representation. *McFarland v. State,* 845 S.W.2d 824, 843 (Tex.Crim.App.1992). Therefore, in determining whether the *Strickland* test has been met, counsel's performance must be judged on the totality of the representation. *Strickland* 466 U.S. at 670, 104 S.Ct. at 2056.

Appellant cites *McMillian v. State,* 873 S.W.2d 62 (Tex.App.—Tyler 1993, pet. ref'd) for the proposition that a hearing must be held when juror misconduct is raised. In *McMillian,* the trial court was faced with a juror making comments to other jurors about her reason for finding the defendant guilty. In that case, the court cited *Thomas v. State,* 699 S.W.2d 845 (Tex.Crim.App.1985) for the proposition that when jurors converse with unauthorized persons about the case, or with each other before deliberation, a hearing is necessary to determine the effect of the statement on other jurors.

No such statement took place in this case. The record contains no evidence that a hearing would have produced testimony revealing the presence of any effect from the juror's actions. Appellant has not established that any testimony received at such a hearing would have resulted in a different result and that the absence of such a hearing resulted in appellant receiving an unfair trial. *See, Hoang v. State,* 825 S.W.2d 729, 733 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd).

An attorney is forced to make decisions in every trial concerning which witnesses to call, which evidence to introduce, when to object, how to examine witnesses, and what kind of arguments to make. Representation is not ineffective simply because, in hindsight, the attorney could have or even should have done something differently. Not every error or failure of counsel constitutes a deficiency in representation. *Rosales v. State,* 841 S.W.2d 368, 376 (Tex.Crim.App. 1992). It must appear from the totality of the representation that trial counsel did not render effective assistance. *State v. Recer,* 815 S.W.2d 730, 731 (Tex.Crim.App.1991).

We have reviewed the record with regard to the alleged juror misconduct and find that appellant's counsel rendered effective assistance in highlighting the juror's misconduct and in requesting a mistrial. Trial counsel was not required to request a hearing on the alleged juror misconduct. The record does not support appellant's allegation that the juror commented on whether appellant was telling the truth. The instance of which appellant complains fails to meet the first prong of the *Strickland* standard. Therefore, appellant's trial counsel was not ineffective. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.