Opinion Issued April 7, 2005







 



 





     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00801-CR




HERBERT EDWARD DAVIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 911,037




EN BANC OPINION
          Herbert E. Davis, appellant, pleaded not guilty to aggravated robbery. The jury
found him guilty and assessed punishment at 35 years’ confinement. In three points
of error, appellant contends that (1) the evidence is legally insufficient to support his
conviction; (2) the trial court erred in excluding the complainant’s civil court
pleading; and (3) the trial court abused its discretion by denying him a mistrial. We
affirm.
                                                                  BACKGROUND
             Jeffrey Dailey, complainant, planned to spend one week at the beginning of
May 2002 at the Western Inn Motel as he prepared for his final examinations at the
University of Houston Law School. On May 4, 2002, Dailey permitted an unknown
female to enter his motel room after she asked to use his telephone. While in the
room, the female telephoned someone and waited in complainant’s room until this
person arrived. After Dailey released the door chain and answered the door, five to
seven people entered the room. This group of people punched Dailey, kicked him,
threw him on the bed, cut the telephone line in his room, and threatened to kill him
with a knife. Dailey later testified that someone smoked crack cocaine during the
robbery and that his assailants stole his car, college ring, watch, wallet, and money
from his bank account after he gave them his PIN number. Soon, all of his assailants
except appellant left Dailey’s motel room. Appellant held a pocket knife to Dailey’s
throat and told him not to move. Appellant was masturbating and wearing a condom. 
After appellant fell asleep, Dailey quietly escaped the motel room and called 911
from the motel lobby. On May 5, 2002, at 1:52 a.m., Officer M. Romero responded
to a robbery in progress. Romero met Dailey in the lobby. After Dailey told Romero
his room number, Romero went to Dailey’s motel room and found appellant sleeping 
with a knife in his hand. 
          Appellant testified that while he was at the motel, he heard a male voice crying
for help. Appellant saw Dailey lying naked and flat on his back on the floor of
Dailey’s motel room. Appellant told Dailey that he would stay with him while
someone else left to call 911. Appellant testified that as he placed Dailey on the bed,
appellant became exhausted. Appellant testified that because he had not taken his
second insulin shot that day, he passed out because of a glucose reaction. The first
memory appellant has after passing out is being awakened by Officer Romero. 
Legal Sufficiency of the EvidenceIn his first point of error, appellant asserts that the evidence was legally
insufficient to support his conviction. Specifically, appellant contends that the State
failed to prove beyond a reasonable doubt that appellant committed the offense of
aggravated robbery. 
          To establish the offense of aggravated robbery, the State had to prove that
appellant (1) in the course of committing theft, (2) with intent to obtain and maintain
control of property, (3) knowingly and intentionally, (4) threatened or placed another
in fear of imminent bodily injury or death, and (5) then and there used or exhibited
a deadly weapon. Tex. Pen. Code Ann. §29.03(a) (Vernon 2003). A legal-sufficiency challenge requires us to determine whether, after viewing the evidence in
the light most favorable to the verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152, 155
(Tex. App.—Houston [1st Dist.] 1997, no pet.). As the exclusive judges of the facts,
the jurors may believe or disbelieve all or any part of a witness’s testimony. 
Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981). 
          Appellant contends that the evidence is legally insufficient to prove that he
committed the offense of aggravated robbery because (1) appellant testified that he
did not rob Dailey and had no information about the robbery; (2) Dailey is not
credible because he filed a civil lawsuit against the Western Inn Motel; (3) evidence
suggests that Dailey may have invented the robbery to hide his own questionable
activity; and (4) Officer Romero testified that he did not find a “crack pipe” or any
condoms in the motel room.
          Appellant’s first three complaints ask us to circumvent the jury verdict by
finding appellant more credible than Dailey. The jury, which heard testimony from
appellant and Dailey, was in the best position to determine who was more credible
based on their testimony and demeanor in court, and, on appeal, we will defer to the
jury’s assessment of credibility under these circumstances. See Cain v. State, 958
S.W.2d 404, 408-09 (Tex. Crim. App. 1997). 
          At trial, the State presented the testimony of Jeffrey Dailey, the complainant,
the only witness to the offense. Dailey testified that one of his assailants pulled out
a knife with a three- to five-inch blade. Dailey testified that, upon pulling out the
knife, “they told me they were going to kill me.” He also testified that, after they
threatened to kill him with the knife, they stole his car, college ring, watch, and
wallet.
          Dailey identified appellant in court as part of the group of men and women who
attacked and robbed him in his motel room. Dailey testified that appellant was in his
motel room from the beginning of the attack. Dailey also testified that after the other
assailants left, appellant stayed in the room and kept Dailey at knifepoint, telling him
not to move. When asked whether he was sure the person who did this was appellant,
Dailey responded, “Yeah, it’s him. I know that for a fact.” 
          Appellant’s fourth complaint asserts that Dailey is not credible because the
physical evidence is inconsistent with his testimony. Dailey testified that someone
smoked crack during the robbery, that appellant was masturbating after the other
assailants left the room, and that appellant was wearing a condom. Although Officer
Romero did not find a crack pipe or a condom in the motel room, Officer Romero
testified that he did not conduct an extensive search of the motel room. To convict
appellant for aggravated robbery, the State was not required to prove that appellant
smoked crack, masturbated, or wore a condom. See Tex. Pen. Code Ann. §29.03(a)
(Vernon 2003). Any inconsistencies between Dailey’s testimony and Romero’s
testimony would not render the evidence legally insufficient.
          It is well established that a conviction may be based on the testimony of a
single eyewitness. Aguilar v. State, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971);
Lewis v. State, 126 S.W.3d 572, 575 (Tex. App.—Texarkana 2004, pet. ref’d). The
determination of what weight to give testimonial evidence is within the sole province
of the jury, as it turns on an evaluation of credibility and demeanor. Cain, 958
S.W.2d at 408-09. The jury is free to believe or disbelieve all or any part of the
State’s witnesses’ testimony. Id. A court of appeals must show deference to such a
jury finding. Id. at 409. 
          Viewing the evidence in the light most favorable to the verdict, a rational trier
of fact could have found that appellant committed robbery while using or exhibiting
a deadly weapon. Accordingly, we hold that the evidence was legally sufficient to
support appellant’s conviction for aggravated robbery. 
          We overrule appellant’s first point of error. 
Admissibility of Complainant’s Petition
             In his second point of error, appellant contends the trial court abused its
discretion by refusing to admit into evidence Dailey’s civil pleading filed in his civil
lawsuit against the motel where the offense occurred.


 Appellant argues that he could
not cross-examine Dailey about any inconsistencies between the civil pleading and
his in-court testimony in the criminal case at bar. Appellant argues that Dailey’s
pleading, which was made by Dailey’s attorney with Dailey’s authorization, is
admissible as an admission of a party opponent under Texas Rule of Evidence
801(e)(2)(c). See Tex. R. Evid. 801(e)(2)(c).
          We review the trial court’s determination of admissibility under an abuse-of-discretion standard. Montgomery v. State, 810 S.W.2d 372, 379 (Tex. Crim. App.
1990); Roberts v. State, 29 S.W.3d 596, 600 (Tex. App.—Houston [1st Dist.] 2000,
pet. ref’d). The trial court has wide discretion in determining the admissibility of
evidence and its ruling will not be disturbed as long as it is “within the zone of
reasonable disagreement.” Montgomery, 810 S.W.2d at 391. A trial court’s ruling
will be upheld if reasonably supported by the record and correct on any theory of law
applicable to the case. See Willover v. State, 70 S.W.3d 841, 845 (Tex. Crim. App.
2002). 
             When a party presents a trial court with a proffer of evidence containing both
admissible and inadmissible statements, and the proponent of the evidence fails to
segregate and specifically offer the admissible statements, the trial court may properly
exclude all of the evidence. Sauceda v. State, 129 S.W.3d 116, 124 (Tex. Crim. App.
2004); Willover, 70 S.W.3d at 847.
             At trial, appellant twice attempted to introduce, in its entirety, Plaintiff’s
Original Petition from Dailey’s civil lawsuit against Western Inn Motel. The trial
court twice sustained the State’s objections that the statements in the pleadings were
hearsay because they were not the complaining witness’s statements.


 Appellant later
made an oral offer of proof concerning the testimony to which appellant anticipated
Dailey would provide in response to questions regarding possible inconsistencies
with his trial testimony and the pleading.


 After his offer of proof, appellant
attempted to introduce the complainant’s pleading as non-hearsay statements made
by an agent or a person authorized by a party-opponent under Texas Rule of Evidence
801(e)(2)(c) and (d), but the trial court denied appellant’s request. Tex. R. Evid.
801(e)(2)(c), (d). The trial court stated that admitting Dailey’s civil pleading would
violate his attorney-client privilege and, therefore, the court would sustain any
objection concerning the admission of the pleading based on Rule 503 of the Texas
Rules of Evidence.


 Tex. R. Evid. 503.
             Generally, hearsay is not admissible except as provided by statute or the rules
of evidence. Tex. R. Evid. 802. Hearsay is generally defined as a statement, other
than one made by the declarant while testifying at the trial or hearing, offered in
evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). Appellant
claims, on appeal, that Dailey’s pleading is not hearsay under rule 801’s definition
because it is an admission by a party opponent under rule 801(e)(2). See Tex. R.
Evid. 801(e)(2). By definition, a statement is not hearsay if the statement is offered
against a party and is made by a person authorized by that party to make a statement
concerning the subject. Tex. R. Evid. 801(e)(2)(c). 
          Rule 801(e)(2), which exempts admissions by a party opponent from the
hearsay definition, recognizes that, “a party should not be allowed to exclude his own
statement on the grounds that what he said was untrustworthy.” Bell v. State, 877
S.W.2d 21, 24 (Tex. App.—Dallas 1994, pet. ref’d).


 If a party to the suit made the
statement, there should be no concern about the statement’s reliability despite the fact
that it was made out of court. Id. When dealing with admissions, the concern is not
about the reliability and trustworthiness of an out-of-court statement. Bell v. State,
877 S.W.2d 21, 24 (Tex. App.—Dallas 1994, pet. ref’d). Admissions are admitted
because a party should not be allowed to exclude his own statement on the ground
that what he said is untrustworthy. Id. at 24. When a party’s own out-of-court
statement is offered against him, “it would be most incongruous to permit him to
object to it by claiming that it is untrustworthy and should not be received because
it was not given under oath, in the presence of the trier of fact, and subject to
cross-examination.” Godwin v. State, 899 S.W.2d 387, 390 (Tex. App.—Houston
[14th Dist.] 1995, pet. ref’d). A statement, to be considered as an admission, does not
necessarily have to admit an element of an offense. Perkins v. State, 902 S.W.2d 88,
98 (Tex. App.—El Paso 1995, pet. ref’d).
          The threshold issue is whether a complaining witness for the State can be a
“party-opponent” in a criminal case under Texas Rule of Evidence 801(e)(2)(c). In
Willover v. State, this Court held that statements of a complainant were admissions
by a “party-opponent” in a criminal case and, as such, not hearsay. 38 S.W.3d 672,
676 (Tex. App.—Houston [1st. Dist.] 2000), rev’d on other grounds, 70 S.W.3d 841
(Tex. Crim. App. 2002). The Court of Criminal Appeals reversed this Court’s
opinion on other grounds and found it “need not address the Court of Appeals holding
that ‘when [Rule 801(e)(2)] uses the term ‘admission by party-opponent,’ it includes
those of the defendant and the complaining witness.’” Willover, 70 S.W.3d at 848
n.10.



          This Court’s holding in Willover has been criticized on the ground that the
State, not the victim, is the party-opponent of the accused in a criminal proceeding. 
See, e.g., Logan v. State, 71 S.W.3d 865, 869 (Tex. App.—Fort Worth 2002, pet.
ref’d). Since Willover, the Second Court of Appeals held in Logan v. State, contrary
to this Court’s holding in Willover, that a statement by a victim or complainant in a
criminal case is not admissible under rule 801(e)(2) as an admission by a party
opponent. Id. 
          A complaining witness is a crime victim who has no control over what charges
the State brings against an accused, who the State charges, and when the State brings
the charges. Perhaps more importantly, the complainant has no authority over the
disposition of the offense, whether charges are dismissed or pursued, or what
sentence a defendant ultimately receives. The State may bring charges against a
defendant even though the complaining witness declines to pursue the charges,
refuses to testify at trial, or testifies on behalf of the defendant at trial. Similarly, a
complaining witness’s desire that charges against a defendant be dropped has no legal
effect on the State’s charges against a defendant. It is axiomatic that a party has the
authority to pursue or not to pursue charges, and to resolve the charges with or
without a trial. The party here is the State of Texas, not the complaining witness. 
          We now conclude that the complainant in a criminal prosecution is not a party
within the meaning of rule 801(e)(2) and that we erred by holding to the contrary in
Willover. We overrule Willover’s holding that a complaining witness is a party
opponent. See Willover, 38 S.W.3d at 676. Because a statement by a complainant in
a criminal case is not admissible under rule 801(e)(2), then a statement made by a
person authorized by complainant to make a statement is not admissible under rule
801(e)(2)(c). We hold that the trial court properly sustained the State’s objection to
appellant’s offer of Dailey’s civil pleading because the petition was not an admission
of a party opponent under rule 801(e)(2)(c).
          Because we find that Dailey’s civil pleading would contain inadmissible
hearsay, we do not reach the issue of whether admission of the pleading would also
be barred by the attorney-client privilege under rule 503.
          We overrule appellant’s second point of error. 
Motion for Mistrial
          In his third point of error, appellant contends that the trial court abused its
discretion by denying appellant’s motion for mistrial. Specifically, he alleges that the
trial court improperly commented on the weight of the evidence in the presence of the
jury. Appellant argues that the trial judge took an adversarial position against
appellant in the presence of the jury and implied that appellant was engaging in
unethical or illegal conduct when he told appellant, “You can’t do that,” after
appellant asked a witness a question.
            The standard of review for a trial court’s denial of a motion for mistrial is abuse
of discretion. Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). A mistrial
is a device used to halt trial proceedings when error is so prejudicial that expenditure
of further time and expense would be wasteful and futile. See Sewell v. State, 696
S.W.2d 559, 560 (Tex. Crim. App. 1983). Thus, a trial court may properly exercise
its discretion to declare a mistrial if a verdict of conviction could be reached, but
would have to be reversed on appeal due to an obvious procedural error in the trial. 
Id. The determination of whether a given error necessitates a mistrial must be made
by examining the particular facts of the case. Hernandez v. State, 805 S.W.2d 409,
413-414 (Tex. Crim. App. 1990).
          To preserve a complaint for appellate review, a defendant must make a timely,
specific objection to the trial court. Tex. R. App. P. 33.1(a); Rhoades v. State, 934
S.W.2d 113, 119 (Tex. Crim. App. 1996). A party’s failure to object generally waives
all error unless the statement is so prejudicial that no instruction could have cured the
harm. Higdon v. State, 764 S.W.2d 308, 310 (Tex. App.—Houston [1st Dist.] 1988,
pet. ref’d). The complaining party must object at the earliest possible opportunity and
must obtain an adverse ruling. Dixon v. State, 2 S.W.3d 263, 265 (Tex. Crim. App.
1998). The objection will be sufficient to preserve error for appellate review if the
objection communicates to the trial judge what the objecting party wants, why the
objecting party thinks himself or herself entitled to relief, and does so in a manner
clear enough for the judge to understand the objection and request at a time when the
trial court is in a position to do something about it. Lankston v. State, 827 S.W.2d
907, 909 (Tex. Crim. App. 1992).
          Appellant claims the trial court commented on the weight of the evidence in the
presence of the jury when it told appellant, “You can’t do that,” when appellant
attempted to ask Dailey questions concerning Defendant’s Exhibit No. 10-A, a
certified copy of Plaintiff’s Original Petition pleading in Dailey’s civil lawsuit against
the Western Inn Motel where the offense occurred. 
          The record reflects the following exchange at trial between the State and
complainant Jeffrey Dailey: 
                    [Defense counsel]: Let me stop you for a minute. You’re                     trying to be a lawyer?
                    [Complainant]: Yes, sir.
                    [Defense counsel]: Do you know how important it is to tell 
                    the truth? 
                    (Looking at document)
                    [Complainant]: Yes, sir. 
                    [Defense counsel]: And everything you told this jury has 
                    been the absolute truth?
                    [Complainant]: Yes, sir.
                    [Defense counsel]: Nothing have you lied about?
                    [Complainant]: Not one thing. 
                    [Defense counsel]: And you didn’t lie to Mr. Ellis [attorney 
                    who drafted the original petition in Dailey’s civil lawsuit] 
                    either, did you?
                    [Complainant]: No, sir, I didn’t lie to Mr. Ellis. 
                    [Defense counsel]: So those two stories should be exactly 
                    the same? 
                    [Complainant]: Yes.
[Defense counsel]: Okay. Did you tell them after
approximately two hours of struggling with– 
                    [Court]: Just a minute. Approach the bench, please. Bring 
                    it with you.
As the attorneys approached the bench, the trial court directed appellant to bring the
document he was reading from and allegedly made the comment, “You can’t do that.” 
However, this comment is not reflected in the trial court record.
          The next day, appellant complained of the trial judge’s alleged comment.


 
Although the trial court and the prosecutor recalled that the comment was made
outside the hearing distance of the jury after both attorneys had reached the bench,
appellant insisted that the judge made the comment when the jury was still in the jury
box. Appellant, nevertheless, informed the trial court of his intention to object in the
presence of the jury and ask the court for an instruction to the jury to disregard the
trial court’s comment. However, once the jury was again seated that day, no
objection was made. Appellant did not object or ask for an instruction to disregard
in the presence of the jury until the next morning, two days after the incident.


 At this
time, the trial court instructed the jury to disregard the comment, but the court denied
appellant’s subsequent motion for a mistrial.
          Appellant’s trial objection was one day too late, and, thus, not timely because
appellant did not object at the earliest possible opportunity. We hold appellant has
failed to preserve error for appellate review of the trial court’s comment that occurred
allegedly in the presence of the jury.
            Accordingly, we overrule appellant’s third point of error.CONCLUSION
          We affirm the judgment of the trial court.
 
 
 
                                                             Sherry Radack
                                                             Chief Justice


Originally submitted to panel consisting of Chief Justice Radack and Justices
Keyes and Alcala.
 
En banc consideration was requested, and a majority of the Court voted for en
banc consideration of the panel’s decision. See Tex. R. App. P. 41.2(c). 
 
En banc Court consists of Chief Justice Radack and Justices Taft, Nuchia,
Jennings, Keyes, Alcala, Hanks, Higley, and Bland.
 
Justice Jennings, concurring to the en banc decision. See Tex. R. App. P. 47.5. 
 
Publish. Tex. R. App. P. 47.2(b).