Opinion issued April 7, 2005



 



     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00801-CR




HERBERT E. DAVIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 911,037




CONCURRING OPINION
          Under the doctrine of stare decisis, we should overrule a previous holding of
this Court only for very important reasons and after careful deliberation. After such
deliberation, I agree with the en banc court that we should overrule this Court’s
holding in Willover v. State,


 which extended Texas Rule of Evidence 801(e)(2)



“party” status from law enforcement officials, who are agents of the State, to
complaining witnesses, who are not. 
           The main purpose in excluding hearsay evidence is its inherent unreliability
in assisting the fact finder in ascertaining the truth. There are essentially four
“‘hearsay dangers’—faulty perception, faulty memory, accidental miscommunication,
and insincerity.” Olin Guy Wellborn III & Cathleen C. Herasimchuk, Article VIII:
Hearsay, 30 Hous. L. Rev. 897, 898 (1993) (Texas Rules of Evidence Handbook)
(emphasis added) (footnote omitted). We, therefore, exclude from evidence various
statements not presented under controlled courtroom conditions.
          An admission by a party opponent is not considered hearsay and is not
excluded because “the party is ‘estopped’ from making the ironic claim that his own
remarks are untrustworthy unless made under the ideal testimonial conditions.”
Wellborn & Herasimchuk, Article VIII: Hearsay, 30 Hous. L. Rev. 897, 899
(emphasis added); see Godwin v. State, 899 S.W.2d 387, 390 (Tex. App.— Houston
[14th Dist.] 1995, pet. ref’d).
          In Willover, this Court concluded that the State is merely “technically” or
“nominally” a party. 38 S.W.3d at 676. At first glance, it might appear that a
complaining witness, like a plaintiff in a civil case, would fit into this category of
being a “party.” However, unlike in civil matters, in which a plaintiff and his agents
are clearly parties with control over their litigation, a complaining witness is too often
at the mercy of the criminal justice system.
          Criminal cases are inherently different from civil cases. A party in a civil case
has control over the case, but a complaining witness does not. A plaintiff can decide
when and whom to hire as counsel and, with the advice of counsel who represents
him, when and how to initiate a lawsuit or settle it. A plaintiff has the ability to give
input and make decisions regarding the development, prosecution, and presentation
of her case. A complaining witness in a criminal case simply does not have this
control. In fact, crime victims are so different that the Legislature has statutorily
enacted certain “Crime victims’ rights.” See Tex. Code Crim. Proc. Ann. art. 56.02
(Vernon Supp. 2004-2005). Acknowledging the very weak position of crime victims
in our criminal justice system, these basic rights include adequate protection, return
of the victim’s property, and notice and information requirements. Id.
          Criminal actions are brought “[i]n the name and by authority of the State of
Texas.” Tex. Code Crim. Proc. Ann. arts. 21.02, 21.21 (Vernon 1989). This is no
mere legal fiction nor technicality. The prosecutor makes the charging decision, not
the complaining witness. The prosecutor represents the State, not the complaining
witness. Criminal cases are brought only after investigation by peace officers,
prosecutors, and, in felony cases, grand juries, whose roles are clearly defined by
statute. See Tex. Code Crim. Proc. Ann. arts. 2.01-2.26, 19.01-19.42, 20.01-20.22
(Vernon 1977 & Supp. 2004-2005).
          A complaining witness is neither an agent nor servant of the State, but simply
a witness, who has absolutely no control over when and how a criminal case is
brought and developed by the State. For example, sexual assault and family violence
victims are often, unfortunately, very reluctant to come forward and initiate an
investigation against a spouse, partner, parent or other relative. Often, these victims
are compelled by the State to give statements against a person upon whom they
completely depend. It would be incongruous to allow such statements into evidence
as party opponent admissions when they are often made by very reluctant
complainants under untrustworthy conditions. 
          Because the State, not the complaining witness, is in fact the party opponent
of the accused and the complaining witness is not an agent of the State, I agree with
the en banc court that out-of-court statements made by the complaining witness are
not admissible against the State under Rule 801(e)(2). Owens v. State, 916 S.W.2d
713, 717-18 (Tex. App.—Waco 1996, no pet.); Halstead v. State, 891 S.W.2d 11,
12-13 n.1 (Tex. App.—Austin 1994, no pet.); see 2A Steven Goode Et Al., Texas
Practice: Courtroom Handbook on Texas Evidence 444 (2000). As I stated in
my dissent from the denial of en banc review in Willover, this Court’s contrary
holding was in serious error. 38 S.W.3d at 686. Accordingly, I further agree with the
en banc court’s decision to overrule that holding. 
 
 
                                                             Terry Jennings
                                                             Justice
 
En banc court consists of Chief Justice Radack and Justices Taft, Nuchia, Jennings,
Keyes, Alcala, Hanks, Higley, and Bland.
Justice Jennings, concurring. See Tex. R. App. P. 47.5.
Publish. Tex. R. App. P. 47.2(b).