IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00406-CR

 

Douglas Harold Brookshire,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 278th District Court

Leon County, Texas

Trial Court No. CM-03-275A

 



ORDER OF RECUSAL



 

            I
hereby order myself recused from further participation in this case pursuant to
Texas Rule of Appellate Procedure 16.2, which incorporates by reference Texas
Rule of Civil Procedure 18b.  See Tex.
R. Civ. P. 18b(2)(a).

 

            Signed April 10,
2006.

 

 

                                                                                                TOM
GRAY

                                                                                                Chief
Justice

 








 






0;                                                                                              

      A jury convicted James Steven Beck of escape, assault on a public servant, and possession
with the intent to deliver cocaine. All are felony offenses. The jury subsequently assessed Beck’s
punishment at two years in prison each for the escape and assault convictions and twelve years in
prison for the cocaine conviction. The sentences run concurrently. Beck separately appealed each
conviction. He argues the same issue on appeal for each conviction; that his trial counsel rendered
ineffective assistance during jury argument at the punishment phase of his trial. We affirm the
conviction.
Background
      Because Beck does not contest the sufficiency of the evidence to support each conviction, only
a brief recitation of the facts is necessary. While under arrest for a family violence assault,
Fairfield police and Freestone County sheriff’s deputies discovered crack cocaine, which was
packaged for delivery, by Beck’s car. Beck had been hovering in close proximity to the
discovered cocaine. After a struggle, Beck was handcuffed and placed in a patrol car. Beck then
escaped from the vehicle and ran with his hands still cuffed behind his back. He stumbled and fell
head first into a ditch. When officers approached, Beck kicked at them. Deputy Steven Oates
attempted to bend Beck over a patrol car to restrain him. Beck kicked him several times in the
leg and once in the groin. After being “maced” twice, the officers placed leg restraints on Beck
and placed him in another patrol car.
Ineffective Assistance of Counsel
      In his sole issue for each conviction, Beck contends his trial counsel rendered ineffective
assistance during the punishment phase of his trial. Specifically, he contends his trial counsel
should have objected to the jury argument regarding parole and good time credit by the State.
      In assessing the effectiveness of counsel, whether in the guilt/innocence or punishment phase,
we apply the test set forth by the Supreme Court in Strickland v. Washington. Strickland v.
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Hernandez v.
State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). Strickland requires us to determine
whether:
      (1) counsel's performance was deficient; and if so,
      (2) whether there is a reasonable probability the results would have been different but for
counsel's deficient performance. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. This two-pronged test is the benchmark for judging whether counsel’s conduct so undermined the proper
functioning of the adversarial process that the trial cannot be relied on as having produced a
reliable result. Thompson v. State, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999).
      "Consideration of the 'totality of the representation,' rather than isolated acts or omissions of
trial counsel, determines whether this standard has been met." Ex parte Kunkle, 852 S.W.2d 499,
505 (Tex. Crim. App. 1993) (quoting Ex parte Raborn, 658 S.W.2d 602, 605 (Tex. Crim. App.
1983)); accord Ferguson v. State, 639 S.W.2d 307, 310 (Tex. Crim. App. [Panel Op.] 1982). 
We strongly presume that counsel's conduct lies within the "wide range of reasonable
representation." McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).
      Allegations of ineffective assistance of counsel must be firmly founded in the record. 
Thompson, 9 S.W.3d at 813. The appellant bears the burden of proving by a preponderance of
the evidence that counsel was ineffective. Id. Our scrutiny of counsel’s performance must be
highly deferential, and every effort must be made to eliminate the distorting effects of hindsight. 
See Strickland, 466 U.S. at 689, 104 S.Ct. at 2065; Thompson, 9 S.W.3d at 813. “Representation
is not ineffective simply because, in hindsight, the attorney could have or even should have done
something differently.” Godwin v. State, 899 S.W.2d 387, 392 (Tex. App.—Houston [14th Dist.]
1995, pet. ref’d).
      Initially, we note that Beck made no effort to prove the prejudice prong of the Strickland test
with respect to the assault and the escape convictions. That failure precludes any relief in his
appeal of those two convictions. Ladd v. State, 3 S.W.3d 547, 570 (Tex. Crim. App. 1999). His
sole issue in cause numbers 10-01-084-CR and 10-01-154-CR is overruled.
      As to the cocaine conviction, the trial court charged the jury on parole law as required by the
Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 37.07, sec. 4 (Vernon
Supp. 2002). The charge included the following language:
You may consider the existence of the parole law and good conduct time. However,
you are not to consider the extent to which good conduct time may be awarded or
forfeited by this particular defendant. You are not to consider the manner in which the
parole law may be applied to this particular defendant.
 
You are instructed that in determining the punishment in this case, you are not to
discuss among yourselves how long the defendant will be required to serve any sentence
you decide to impose. Such matters come within the exclusive jurisdiction of the Board
of Pardons and Paroles.

Beck claimed that the State’s argument at punishment informed the jury that their calculation of
good time was a relevant sentencing consideration and that his trial counsel should have objected
to the argument. The State argued:
Under our laws, the parole laws depend on the crime charged. Some crimes are
eligible for parole in 25 percent of the terms plus good-conduct time. Some of them are
required to spend at least 50 percent of that time before they’re eligible for parole. These
three cases are – come under the 25-percent rule.
 
Understand the law applicable in this case, the defendant sentenced to a term of
imprisonment may earn time off period of incarceration with the award of good-conduct
time. Goes on tells you about that.
 
It’s possible the length of time which a defendant will be imprisoned might be
reduced by the award of parole.
 
So under our – and the instructions will tell you you can consider the existence of
parole, the parole law, but you can’t go back there and say: Okay, if we give Mr. Beck
this, and he won’t be eligible for parole until such and such.
 
You consider how it works in general, but you can’t put it down to this particular
defendant. So I want to admonish you not to do that when you get back in the jury room.
 
But a defendant could be sentenced to, say, a ten-year sentence. And under the
parole law, he would be eligible for parole after 25 percent of that time or two and a half
years. If he goes down there and violates every rule and regulation they’ve got, he will
be eligible for parole 25 percent of the time. That doesn’t mean he will get it, but he will
be eligible for it. But if he goes down there and doesn’t violate every rule and
regulation, maybe even does good, then the parole authorities and prison have an
opportunity to add – add time to it so that – let’s say, and I don’t even know what the
calculation is, you could get one day for every three days you spend, if you, you know,
if you did good. I’m not saying that’s the calculation. But you take that extra day and
add it onto every three days, so you get credit every four days for every three you’ve
been there, so you can be eligible for parole in less than 25 percent of your time. And
that is something that may be considered in assessing punishment. (emphasis added).

      Jury arguments are proper if they fall within the following four categories: (1) summation of
the evidence, (2) reasonable deduction from the evidence, (3) answer to the argument of opposing
counsel, and (4) plea for law enforcement. Cantu v. State, 939 S.W.2d 627, 633 (Tex. Crim.
App. 1997); Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973). While it is not
error for the State to quote or paraphrase the jury charge, it is error for the State to present a
statement of the law that is contrary to that presented in the charge to the jury. Whiting v. State,
797 S.W.2d 45, 48 (Tex. Crim. App. 1990); Jones v. State, 641 S.W.2d 545, (Tex. Crim. App.
1982). See also Clanton v. State, 528 S.W.2d 250 (Tex. Crim. App. 1975) (argument where State
told jurors that while they could not discuss how long the appellant would be required to serve any
sentence they imposed, they could “consider this” in assessing punishment was found to be error);
Clay v. State, 741 S.W.2d 209 (Tex. App.—Dallas 1987, pet. ref’d) (argument that the jury could
consider how the parole laws may affect the verdict of the jury misstated the law given in the
charge and was error).
      Following an objectionable argument, an instruction by the court to disregard the comment
will normally obviate the error, unless the remark is so inflammatory that its prejudicial effect
cannot reasonably be removed by such an admonishment. Perez v. State, 994 S.W.2d 233, 236-37
(Tex .App.—Waco 1999, no pet.). Moreover, in order for an improper argument to rise to a level
mandating reversal, the argument must be "extreme or manifestly improper, violative of a
mandatory statute, or inject new facts harmful to the accused." Carlock v. State, 8 S.W.3d 717,
723 (Tex. App.—Waco 2000, no pet.); Id.
      Assuming that the last sentence of the State’s argument in this case suggested to the jury that
it may consider the effect of parole and good time credit, contrary to the court’s charge, the failure
of Beck’s counsel to object would satisfy the first prong of Strickland. 
      The question then becomes, was Beck prejudiced by his counsel’s failure to object? We do
not believe he was. The argument made was not of the type that it was so prejudicial that an
instruction to disregard would not cure the prejudicial effect. Additionally, the State made a
passionate plea for law enforcement against drug dealers in Freestone County. The jury could
properly have taken that plea into account when assessing the sentence. Further, a twelve year
sentence out of a possible twenty years does not indicate that the jury was prejudiced by the State’s
argument and counsel’s lack of objection. Beck failed to meet the second prong of Strickland. 
We overrule his sole issue in cause number 10-01-153-CR.
Conclusion
      Having overruled Beck’s sole issue in each conviction, we affirm the judgment in each appeal. 

                                                                         TOM GRAY
                                                                         Justice
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed April 10, 2002
Do not publish
[CR25]