**Judgment of November 26, 2019 Withdrawn; Motion for Rehearing Granted, Motion for En Banc Reconsideration Denied as Moot; Reversed, Remanded, and Majority, Concurring, and Dissenting Opinions on Rehearing filed August 13, 2020.**



In the

## Fourteenth Court of Appeals

### NO. 14-18-00162-CR

**VINCENT DEPAUL STREDIC, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1530454**

### DISSENTING OPINION ON REHEARING

Without question the trial court made a very basic error, but I disagree with the majority's conclusion that the error in this murder case was harmful. Appellant does not contend that the transcript of testimony provided to the jury was erroneous, incomplete, or otherwise improper. The trial court did not unduly emphasize the evidence by simply giving the jury what it asked for. The majority fails to consider

the entire record in conducting its harm analysis. For these reasons, I respectfully dissent.

## ANALYSIS

"[T]he purpose of Article 36.28 is 'to balance our concern that the trial court not comment on the evidence with the need to provide the jury with the means to resolve any factual disputes it may have.'" *Thomas v. State*, 505 S.W.3d 916, 923 (Tex. Crim. App. 2016) (quoting *Howell v. State*, 175 S.W.3d 786, 790 (Tex. Crim. App. 2005)). "An appellate court should not disturb a trial court judge's decision under Article 36.28 unless a clear abuse of discretion and harm are shown." *Id.*

Error under Article 36.28 is non-constitutional and subject to a harm analysis under Rule 44.2(b). *Id.* at 924–25; *see* Tex. R. App. P. 44.2(b). Therefore, we must disregard the error if it does not affect appellant's substantial rights. *See* Tex. R. App. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *Thomas*, 505 S.W.3d at 926 (quoting *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)). Thus, we must ask whether the error itself had a substantial influence on the verdict. *See id.* A proper harm analysis requires a review of the entire record, including the weight of the evidence of the defendant's guilt. *Id.* at 927. And, we must consider the character of the error. *Id.*

Appellant does not contest that Article 36.28 applied or that the jury disagreed about the testimony. Appellant does not contend that the jury required additional or less testimony to resolve its disagreement. Nor does appellant dispute the content or accuracy of the transcripts. Indeed, appellant had "[n]o objection to the content that will be provided in response to the jury's question." Rather, appellant argues that the jury's review of the testimony in written form "may have substantially swayed the jury to believe that Mr. Stredic's shooting of Mr. Barriere was intentional or

2

knowing." Appellant contends, "If not for the emphasis on this testimony, the jury may quite possibly have found Mr. Stredic guilty of only manslaughter or criminally negligent homicide."

Here, it was the jury—not the trial court—that emphasized the importance of the disputed testimony by requesting the court reporter's notes. It was the jury that faced disagreement regarding what appellant's testimony revealed about his intent. Judging the facts, believing or disbelieving witness testimony, and resolving conflicts in the evidence all fall squarely and exclusively within the role of the jury as fact finder. *Jackson v. State*, 105 S.W.3d 321, 327 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). Accordingly, the jury properly asked the trial court to help it resolve a factual dispute. *See* Tex. Code Crim. Proc. art. 36.28; *Thomas*, 505 S.W.3d at 923.

The jury received the same excerpts of appellant's testimony that properly would have been read aloud. The majority cites no authority holding that the method of communicating evidence to the jury during deliberations—written transcript rather than oral readback—amounted to undue emphasis of the testimony sufficient to undermine the jury's verdict. The only Texas authority is to the contrary. *See Miller v. State*, 79 S.W.2d 328, 330 (Tex. Crim. App. 1935) (regarding predecessor statute, "The mere fact that the court at the request of the jury permitted the [trial] transcript to go into the jury room to be read by the jury themselves would in and of itself not be reversible error, unless the appellants could show some injury to themselves by said action of the court."); *Higdon v. State*, 764 S.W.2d 308, 310 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (holding that the appellant was not harmed when the trial court sent a particular witness's testimony to the jury in the form of a transcript in light of the fact that the trial court also sent transcripts of other witness testimony to the jury); *cf. Jones v. State*, 402 S.W.2d 191, 193–94 (Tex. Crim. App. 1966) (noting that the trial court answered the jury's questions about

how the witnesses testified in written form rather than reading aloud testimony in open court; reasoning that the court's action was "nothing more than furnishing the jury with certain testimony," that the trial court's memoranda were accurate, and "[w]hile the testimony was not read to the jury in open court, as provided by the statutes, there is no showing of injury to appellant as a result of such failure").

Even if providing the testimony in written form emphasized it more than orally reading it to the jury, the emphasis reached all of appellant's testimony about whether he felt threatened. The transcripts included appellant's testimony as elicited by both his trial counsel and the State. Thus, any emphasis was not one-sided such that the trial court would have been unduly emphasizing the State's evidence. *See Higdon*, 764 S.W.2d at 310 ("Because the trial court treated testimony both beneficial and adverse to the appellant in a similar manner, we cannot find, as appellant suggests, that the trial court's unorthodox methods [of giving trial transcripts to the jury during deliberations] constituted unfair bolstering of testimony prejudicial to him."). Again, appellant conceded that he had no objection to the content of the transcripts.

Moreover, the transcripts did not comprise all of the evidence from which the jury could have reasonably inferred that appellant's shooting Barriere was intentional or knowing. In addition to testimony from appellant, the jury heard from six State's witnesses, including the officer dispatched to the scene, the assigned crime scene investigator, a forensic multimedia analyst, the assigned homicide detective, the assigned medical examiner, and an eyewitness regarding appellant's words, acts, and conduct before, during, and after his shooting Barriere. The jury also saw surveillance video and still shots from the gas station, an audio recording of the 9-1-1 call, appellant's video statement, and the autopsy report and photographs.

During closing, the State did not unduly highlight appellant's trial testimony regarding his intent. Instead, the State focused on appellant's actions:

> So that leaves us with that last element. Did unlawfully, intentionally and knowingly. We talked about during voir dire how we prove intent in a case, and it's not the defendant's sitting there professing exactly what he intended or what he knew was going to happen.
>
> We talked about how you can form—you can infer it from a person's words, their actions, the circumstances surrounding the event. That's the sort of thing that we use to make a determination on what a person's intent is. And I think the defendant's actions in this case, his actions both before, during and after the incident show exactly what he intended on that night.

In sum, the majority does not properly consider the character of the error—a procedural irregularity—in connection with the entire record and other evidence of guilt.

## CONCLUSION

After reviewing the record as whole, I am fairly assured that any error from providing the jury with written transcripts—rather than reading the transcripts aloud—did not influence the jury or had but a slight effect in this case, and that appellant's substantial rights were not affected. *See Thomas*, 505 S.W.3d at 927. Because the majority holds otherwise, I dissent to the majority's reversal of this murder conviction.


/s/    Ken Wise
       Justice


Panel consists of Justices Wise, Zimmerer, and Spain. (Spain, J., Majority; Zimmerer, J., Concurring).

Publish—Tex. R. App. P. 47.2(b).