**Randall Douglas SEWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63266.**

Court of Criminal Appeals of Texas, Panel No. 3.

April 20, 1983.

Rehearing Denied Sept. 25, 1985.

Jesse L. Nickerson, III (on appeal only), Paris, for appellant.

Tom Wells, Dist. Atty. and Edward D. Ellis, Asst. Dist. Atty., Paris, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ODOM and McCORMICK, JJ.

## OPINION

McCORMICK, Judge.

Appellant was convicted of murder. Punishment was assessed at eighty years.

Appellant, in a single ground of error, complains that the trial court committed an abuse of discretion in declaring a mistrial on its own motion. At his first trial, appellant, prior to voir dire of the jury, filed a motion to shuffle the jury panel in accordance with Article 35.11, V.A.C.C.P. The trial judge denied the motion. Thereafter, appellant proceeded with the State to select a jury which was impaneled and sworn. After the jury had been impaneled and sworn, the trial judge determined that he had erred in refusing appellant's motion to shuffle and announced that he felt compelled to declare a mistrial. Prior to ordering a mistrial, the trial judge inquired if the appellant or the State desired a mistrial. Both the State and the appellant declined to ask for a mistrial and announced they desired to continue the trial with the jury they had selected. The trial court on its own motion declared a mistrial determining that there was a "manifest necessity" to do so. Appellant objected to the court's order of a mistrial. On retrial, appellant urged a special plea of double jeopardy in that the jury had already been impaneled and sworn in his first trial at the time that a mistrial was ordered. The plea of double jeopardy was denied by the trial judge.

Whether there can be a new trial after a mistrial has been declared without the defendant's request or consent depends on whether there is a "manifest necessity" for the mistrial or the ends of public justice would otherwise be defeated. *Chvojka v. State*, 582 S.W.2d 828 (Tex.Cr.App.1979). However, only if jeopardy has attached is a court called upon to determine whether the declaration of a mistrial was required by "manifest necessity." *Illinois v. Somerville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). Thus, we must first determine if jeopardy attached. In a jury trial, jeopardy attaches after the jury is impaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). The record shows that the jury had been impaneled and sworn when the judge declared a mistrial. Jeopardy had attached.

Next, we must determine if a "manifest necessity" existed.

"A trial judge properly exercises his discretion to declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error in the trial. If an error would make reversal on appeal a certainty, it would not serve the 'ends of public justice' to require the government proceed with its proof when, if it succeeded before the jury it would automatically be stripped of that success by an appellate court." *Illinois v. Somerville*, 410 U.S. 458, at 464, 93 S.Ct. at 1070, 35 L.Ed.2d at 431.

In *Somerville*, the trial court declared a mistrial after it determined it was faced with a defective indictment. The trial court in the instant case faced a similar situation. In Texas, the right to shuffle a jury panel is provided for under Article 35.11, supra, and upon timely demand, it is an absolute right, denial of which constitutes reversible error. *Davis v. State*, 573 S.W.2d 780, 781 (Tex.Cr.App.1978); *Como v. State*, 557 S.W.2d 93, 94 (Tex.Cr.App. 1977); *Woerner v. State*, 523 S.W.2d 717,

718 (Tex.Cr.App.1975); *Alexander v. State,* 523 S.W.2d 720 (Tex.Cr.App.1975). Since reversal automatically would have followed for failure to grant appellant's motion to shuffle the jury panel, the trial court did not abuse its discretion in granting a mistrial on its own motion. Under *Illinois v. Somerville,* supra, "manifest necessity" existed. See also, *Durrough v. State,* 620 S.W.2d 134 (Tex.Cr.App.1981). Appellant's ground of error is overruled.

The judgment is affirmed.

Before the court en banc.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

W.C. DAVIS, Judge.

On original submission appellant's conviction for murder was affirmed. We held the trial judge was justified in ordering a mistrial due to "manifest necessity" after he had erroneously overruled appellant's motion to shuffle the names of the jury panel and proceeded to select a jury, empanel and swear them. In his motion for rehearing appellant now agrees that "[i]f automatic reversal would have followed a conviction the trial court was empowered under the doctrine of 'manifest necessity' to order a mistrial upon its own motion and over Appellant's objection." However, he contends that his motion to shuffle was not timely filed so no automatic reversal would have followed the overruling of the motion. Thus, he argues, the ordering of a mistrial was not a "manifest necessity."

 The record reflects that a panel of prospective jurors was seated and exemptions and qualifications were inquired of by the trial judge. A list of the remaining panel members was drawn up and shuffled upon order of the court. Appellant then made his motion to shuffle.[1] The trial judge denied the motion. Subsequently, a jury was selected and sworn by the court.

 Appellant's motion to shuffle, made after the court had qualified the members of the jury panel, was timely. *Yanez v. State,* 677 S.W.2d 62 (1984); Art. 35.11, V.A.C.C.P.

For purposes of Art. 35.11, supra, we hold that the voir dire examination of the jury panel does not commence until all of the members of the jury panel have been shown to be qualified to serve as jurors in the cause and are seated in the courtroom. After it has been determined by the trial judge which persons will make up the jury panel from which will come the jury that will hear the case, and those persons have been seated in the courtroom, if the accused person then makes a motion, either orally or in writing, for a shuffle of the names of the members of the jury panel, such motion will be deemed to have been timely made. *Yanez,* supra, at 69.

Appellant's motion for rehearing is denied.

---

1. An accused is entitled to a shuffle, if timely requested, regardless of a trial's judge's sua sponte shuffle. *Wilkerson v. State,* 681 S.W.2d 29 (Tex.Cr.App.1984); see also *Stark v. State,* 657 S.W.2d 115 (Tex.Cr.App.1983); *Smith v. State,* 648 S.W.2d 695 (Tex.Cr.App.1983); *Davis v. State,* 573 S.W.2d 780 (Tex.Cr.App.1978).