PARKS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-412-CR

MARIO A. PARKS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

A jury convicted Appellant Mario A. Parks of possession with intent to deliver four grams or more but less than two hundred grams of cocaine.  The trial court sentenced him to twenty-five years’ confinement.  In two points on appeal, Appellant argues that the trial court abused its discretion by refusing to compel the State to identify a confidential informant and by allowing a State’s witness to review an undisclosed offense report while testifying.  We affirm.

Background

Appellant does not contest the sufficiency of the evidence.  We will therefore limit our review of the evidence to that necessary to put Appellant’s complaints into context.

A confidential informant told Arlington Police Detective Sharon Hykel that Appellant was dealing cocaine from his residence.  Detective Hykel caused the confidential informant to make four undercover buys from Appellant; all four tested positive for cocaine.  As part of her investigation, Detective Hykel determined that the residence’s water service was maintained in Appellant’s name, and that each of three vehicles at the residence was registered in Appellant’s name.  The confidential informant identified Appellant from his driver’s license photo. 

Based on the confidential informant’s information and the results of the undercover buys, Detective Hykel obtained a search warrant for Appellant’s residence.  When Detective Hykel and other officers executed the warrant at Appellant’s residence, they found 8.19 grams of crack cocaine and 18.33 grams of powder cocaine in sixty-seven baggies concealed in false-bottomed soda cans, plus seven baggies of marijuana concealed in a box of crackers.
(footnote: 2) Detective Hykel testified that crack cocaine and powder cocaine were found in “dealer amounts” and packaged for distribution.  The police also found $3,951, mostly in ten- and twenty-dollar bills, and two guns in the residence.  The only people in the residence when Detective Hykel executed the search warrant were Appellant, a woman, and an infant. 

Confidential Informant

In his first point, Appellant argues that the trial court abused its discretion by refusing to compel the State to reveal the identity of the confidential informant. 

Rule of evidence 508(a) generally provides the State “a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation.”  
Tex. R. Evid
. 508(a).  There are, however, three exceptions to this privilege. 
 Id.
 at 508(c)(1)-(3). Appellant relies on the second exception, which provides that if the informant 

may be able to give testimony “necessary to a fair determination . . . on guilt or innocence in a criminal case, and the public entity invokes the privilege, the court shall give the public entity an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony.”  
Id
. at 508(c)(2).

Under this exception, the defendant bears the initial burden of showing that the confidential informant may be able to provide testimony necessary to a fair determination of guilt or innocence.  
Bodin v. State
, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991).  To be “necessary,” the informant’s testimony must “significantly aid” in the determination of guilt or innocence.  
Id
.; 
Olivarez v. State
, 171 S.W.3d 283, 292 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  However, because the defendant may not actually know the nature of the informant’s testimony, all that is required to satisfy this threshold burden is a “plausible showing” of the potential importance of the testimony.  
Anderson v. State
, 817 S.W.2d 69, 72 (Tex. Crim. App. 1991); 
Long v. State
, 137 S.W.3d 726, 732 (Tex. App.—Waco 2004, pet. ref’d).  Nevertheless, mere conjecture or speculation is insufficient, and the mere filing of a motion to disclose will not compel disclosure.  
Bodin
, 807 S.W.2d at 318; 
Washington v. State
, 902 S.W.2d 649, 656 (Tex. App.—Houston [14th Dist.] 1995, pet. ref’d).  We review a trial court’s ruling on a motion to disclose the identity of a confidential informant for an abuse of discretion. 
Sanchez v. State
, 98 S.W.3d 349, 356 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d).

Several cases have held that a defendant can satisfy the initial burden by showing that the confidential informant was an eyewitness to the search or participated in the transaction for which the defendant was indicted.
  See, e.g., Anderson
, 817 S.W.2d at 72; 
Bodin
, 807 S.W.2d at 318; 
Sanchez
, 98 S.W.3d at 356.  In these cases, the informant’s testimony was deemed potentially “necessary” because the informant had first-hand knowledge of the events upon which the defendant was to be adjudged guilty or innocent.  
Anderson
, 817 S.W.2d at 72.  There is a clear distinction, however, between these cases and those where the informant’s information was used only to establish probable cause for the search warrant.  When the confidential informant’s testimony is relevant only to the issue of probable cause, and the informant can offer no testimony about the actual offense, then the defendant cannot make a “plausible showing” that the testimony would “significantly aid” in the determination of guilt or innocence.  
See, e.g., Olivarez
, 171 S.W.3d at 292-93; 
Long
, 137 S.W.3d at 733; 
Washington
, 902 S.W.2d at 657;
 Murray v. State
, 864 S.W.2d 111, 118 (Tex. App.—Texarkana 1993, pet. ref’d).  In such cases, disclosure is not required, and the trial court need not order an in camera hearing.  
Washington
, 902 S.W.2d at 657.

In this case, Appellant filed a motion to compel disclosure of the confidential informant, stating the disclosure was required because the informant participated in the alleged offense, was present at the time of the alleged offense, was the proximate cause of Appellant’s arrest, and misidentified Appellant as the drug dealer.  The trial court deferred ruling on the motion until Detective Hykel testified and then denied the motion.  On appeal, Appellant argues that the confidential informant’s testimony might have established that another person at the residence sold him the drugs in the undercover buys or that the informant merely pretended to buy drugs at the residence. 

It is apparent from our review of the record that while the informant’s information formed the probable cause basis for the search warrant, Appellant was arrested, indicted, tried, and convicted for possession of the cocaine found when the warrant was executed.  Appellant does not challenge probable cause for issuance of the warrant.  Nothing in the record suggests that the informant was present when the warrant was executed.  Therefore, the informant’s testimony might have been relevant to the issue of probable cause, but not to the actual offense.  Appellant did not make a “plausible showing” that the testimony would “significantly aid” in the determination of guilt or innocence.

We hold that the trial court did not abuse its discretion by denying Appellant’s motion to compel disclosure of the confidential informant.  We overrule Appellant’s first point.

Undisclosed Offense Report

In his second point, Appellant argues that the trial court abused its discretion by allowing Detective Hykel to review an offense report that the State had not previously disclosed to Appellant. 

Appellant filed a pretrial omnibus motion in which he requested, among other things, that the State make available any written statements made by a witness who testifies or used by a witness to refresh the witness’s memory “at such time as the State passes the witness for cross-examination.”  On cross-examination, Appellant’s counsel asked Detective Hykel to show where in her offense report she wrote that the confidential informant told her that the drugs in Appellant’s residence were concealed in false-bottomed soda cans.  Detective Hykel referred to an offense report pertaining to one of the four undercover drug buys—a report that the State had not furnished to Appellant. Appellant moved for a mistrial, and Appellant’s counsel stated that she would not have asked Detective Hykel the question if the State had furnished the offense report to her.  The trial court denied the motion for mistrial.  The State then furnished a copy of the undisclosed offense report to Appellant.  Appellant went on to cross-examine Detective Hykel about the contents of the report.  Detective Hykel admitted that none of her offense reports reflected that the confidential informant told her that the drugs were concealed in soda cans. 

As the State observes, Appellant did not object when Detective Hykel referred to the undisclosed offense report; instead, Appellant moved for a mistrial.  The State argues that Appellant completely forfeited any complaint regarding the undisclosed offense report by moving for a mistrial instead of objecting to Detective Hykel’s testimony.  We disagree.  As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling sought.  
Tex. R. App. P.
 33.1(a).  Appellant made an oral motion for mistrial and stated the grounds for the motion in detail.  Thus, Appellant preserved his complaint for our review.  But because he only moved for a mistrial, we will limit our review of his complaint to whether the trial court abused its discretion by denying Appellant’s motion.

We review the trial court’s denial of a motion for mistrial for an abuse of discretion.  
Ladd v. State
, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1070 (2000).  A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile.
  See Sewell v. State
, 696 S.W.2d 559, 560 (Tex. Crim. App. 1983).  Thus, a trial court may properly exercise its discretion to declare a mistrial if a verdict of conviction could be reached, but would have to be reversed on appeal due to an obvious procedural error in the trial.  
Id
.  The determination of whether a given error necessitates a mistrial must be made by examining the particular facts of the case.  
Hernandez v. State
, 805 S.W.2d 409, 414 (Tex. Crim. App. 1990), 
cert. denied
, 500 U.S. 960 (1991).

Under the facts presented by this case, we hold that the trial court did not abuse its discretion by denying Appellant’s motion for mistrial.  Appellant’s pretrial omnibus motion requested copies of writings used to refresh a witness’s memory when the witness was passed to Appellant for cross-examination.  The State furnished the undisclosed report to Appellant within minutes of passing Detective Hykel to Appellant for cross-examination.  Moreover, it appears that the undisclosed offense report was consistent with the other offense reports in that it did not state that the confidential informant told Detective Hykel that the drugs were hidden inside false-bottomed soda cans.  We cannot say that the State’s failure to furnish the offense report to Appellant at the instant that it passed Detective Hykel for cross-examination was so prejudicial that expenditure of further time and expense would have been wasteful and futile.  Thus, the trial court did not abuse its discretion by denying Appellant’s motion for mistrial.  We overrule Appellant’s second point.

Conclusion

Having overruled both of Appellant’s points, we affirm the judgment of the trial court.

ANNE GARDNER

JUSTICE

PANEL A: LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 16, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
The record is silent as to the weight of the marijuana.