Opinion issued December 7, 2006















Opinion issued December 7, 2006






 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

                          For The

                 First
District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-01011-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



DWIGHT A. DANIELS, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from County Criminal Court at Law
No. 5

Harris County, Texas

Trial Court Cause No. 1323112

 








 



MEMORANDUM OPINION

 

          A jury convicted Dwight Daniels of
burglary of a motor vehicle.[1]  Pursuant to the parties’ agreement, the trial
court assessed punishment at 301 days’ confinement.  Daniels contends on appeal that the trial
court erred in denying his motion for mistrial after the police officer who had
apprehended him testified that Daniels was in possession of a prison
identification card at the time he was taken into custody.  We conclude that the trial court did not
abuse its discretion in denying Daniels’s motion and therefore affirm.

Background

          In
August 2005, Officer R. Villarreal of the Houston Community College Police
Department worked an extra job as a security guard at St. Joseph Hospital in downtown Houston.
 As Villarreal patrolled the hospital’s
exterior, a man notified him that a van parked near the hospital had a
shattered window and someone was rummaging through the vehicle.  Villarreal drove to the reported location to
investigate.  As he approached, he
observed Daniels crawling out of the van through a window.  Villarreal exited his vehicle and asked
Daniels to speak with him.  Daniels, who
was holding a plastic grocery bag in his hand, denied any wrongdoing.  He simultaneously backed away from Villarreal
and then turned and ran.  Villarreal got
into his patrol vehicle and chased Daniels for several blocks before
apprehending him.  Daniels dropped the
plastic bag as he was running, but one of Villarreal’s fellow officers later
recovered the bag.  Villarreal testified
that the bag contained coins, pornographic material, and a bottle of Victoria’s
Secret lotion.

One of Villarreal’s fellow security
guards located the owner of the van, Judith Gomez, who was visiting her husband
in the hospital.  Gomez testified that
coins were missing from the van’s ashtray and that the bottle of Victoria’s
Secret lotion found in the plastic bag had been in the van and belonged to her.
 She further testified that she did not
know Daniels and had not given him permission to enter her vehicle.

During cross-examination of
Villarreal, defense counsel asked whether Daniels had any identification on him
at the time he was apprehended. 
Villarreal responded, “If I recall correctly, he had a Social Security
card and an identification that they issue them in prison.”  Counsel for Daniels objected and the trial
court sustained the objection.  Counsel
then requested a limiting instruction, which the trial court granted.  Specifically, the court instructed the jury
to “disregard the last answer that the witness gave with regard to the
identification, the second form.  You
will not consider it for any purpose whatsoever.”  Counsel then moved for a mistrial.  The trial court denied the motion.

          After
the jury found Daniels guilty, the trial court sentenced Daniels to 301 days’
confinement, consistent with the parties’ agreement.  This appeal followed.

Standard of Review

We review a trial court’s denial of a
motion for mistrial for an abuse of discretion. 
Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).  A mistrial is a device used to halt trial
proceedings when error is so prejudicial that expenditure of further time and
expense would be wasteful and futile.  See Sewell v. State, 696 S.W.2d 559, 560
(Tex. Crim. App. 1983).  The determination of whether a given error
necessitates a mistrial must be made by examining the particular facts of the
case.  Hernandez v. State, 805 S.W.2d 409, 413–14 (Tex.
Crim. App. 1990).

Analysis

          Daniels
contends the trial court abused its discretion in denying his motion for
mistrial after Villarreal testified that Daniels was in possession of a prison
identification card at the time he was taken into custody.  Specifically, Daniels asserts that Villarreal’s
statement regarding the prison identification card was inadmissible pursuant to
Texas Rule of Evidence 404(b).  See Tex. R. Evid. 404(b).  Daniels maintains that the trial court’s
instruction to the jury to disregard this evidence was insufficient to cure the
resulting harm, and that declaration of a mistrial was the only appropriate
remedy.  We disagree.

          Though
Villarreal’s statement implying that Daniels had previously been incarcerated
was inadmissible under Rule 404(b), it “is well-settled that testimony
referring to or implying extraneous offenses can be rendered harmless by an
instruction to disregard by the trial judge, unless it appears the evidence was
so clearly calculated to inflame the minds of the jury or is of such damning
character as to suggest it would be impossible to remove the harmful impression
from the jury’s mind.”  Kemp v. State,
846 S.W.2d 289, 308 (Tex. Crim. App. 1992); Tennard v. State, 802 S.W.2d
678, 685 (Tex. Crim. App. 1990); see also
Ovalle v. State, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) (“Ordinarily, a
prompt instruction to disregard will cure error associated with an improper
question and answer, even one regarding extraneous offenses.”).

          The
present case is indistinguishable from a long line of cases in which witnesses have
made similarly inappropriate, but unembellished, references to the appellant’s
prior incarceration.  See Kemp,
846 S.W.2d at 308 (witness disclosed that appellant “had recently been released
from the penitentiary”); Nobles v. State, 843 S.W.2d 503, 513 (Tex.
Crim. App. 1992) (witness testified that appellant “didn’t want to go to the
hospital because he didn’t want to go back to prison”); Tennard, 802
S.W.2d at 685 (witness stated that he saw appellant “[w]hen he first got out of
the penitentiary”); Gardner v. State, 730 S.W.2d 675, 696 (Tex. Crim.
App. 1987) (witness revealed that appellant had experienced stomach problems
“when he was in the penitentiary”); Barney v. State, 698 S.W.2d 114, 125
(Tex. Crim. App. 1985) (witness testified that victim did not like appellant
“because he was an ex-con”); Hughes v. State, 962 S.W.2d 89, 91 (Tex.
App.—Houston [1st Dist.] 1997, pet. ref’d) (witness explained that he had “seen
[appellant] when he got out of jail”).

In each of these cases, the trial
court instructed the jury to disregard the prejudicial testimony.  Kemp,
846 S.W.2d at 308; Nobles, 843 S.W.2d
at 514; Tennard, 802 S.W.2d at 685; Gardner, 730 S.W.2d at 696; Barney, 698 S.W.2d at 125; Hughes, 962 S.W.2d at 91.  And in each of these cases, either the Court
of Criminal Appeals or this court held that the instruction to disregard was
sufficient to cure any harm.  Kemp, 846 S.W.2d at 308; Nobles, 843 S.W.2d at 514; Tennard, 802 S.W.2d at 685; Gardner, 730 S.W.2d at 697; Barney, 698 S.W.2d at 125; Hughes, 962 S.W.2d at 92.

Villarreal’s reference to Daniels’s
possession of a prison identification card is no more inflammatory or
prejudicial than the statements made by the witnesses in the cases cited
above.  Furthermore, the trial court’s
instruction to disregard the testimony plainly admonished the jury “not [to]
consider it for any purpose whatsoever.” 
We therefore conclude that the trial court effectively cured any
prejudice that may have resulted from Villarreal’s inadmissible statement.  See Kemp, 846 S.W.2d at 308; Nobles,
843 S.W.2d at 514; Tennard, 802
S.W.2d at 685; Gardner, 730 S.W.2d at
697; Barney, 698 S.W.2d at 125; Hughes, 962 S.W.2d at 92.  Accordingly, we hold that the trial court did
not abuse its discretion in denying Daniels’s motion for mistrial.

Conclusion

          We
conclude that the trial court did not abuse its discretion in denying Daniels’s
motion for mistrial and therefore affirm the judgment of the trial court.

          

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.

Do not publish.  Tex.
R. App. P. 47.2(b).











[1] See Tex. Pen. Code Ann. § 30.04 (Vernon
2003).