

**MEMORANDUM OPINION**

No. 04-07-00722-CR

Eugene Perry **HOWARD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-2464
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:   Rebecca Simmons, Justice

Sitting:       Catherine Stone, Justice
               Sandee Bryan Marion, Justice
               Rebecca Simmons, Justice

Delivered and Filed:   August 27, 2008

AFFIRMED

Appellant Eugene P. Howard was convicted of felony assault.  In his sole issue on appeal,

Howard argues that the trial court abused its discretion in failing to grant his motion for mistrial

after the State's witness testified about an extraneous offense.  We affirm the judgment of the

trial court.

**FACTUAL BACKGROUND**

On December 16, 2006, Camille Dixon drove Howard and her three children to a

barbershop.  Howard and Dixon had been dating and living together for five months.  Dixon

testified that while driving, the couple argued, and Howard became extremely agitated and made threatening statements. After arriving at the barbershop, Howard exited the vehicle, opened Dixon's door, and began punching her in the face. Patrons of the barbershop intervened and temporarily restrained Howard, but, after freeing himself, Howard got into the driver's seat and drove away with Dixon and her children. Howard later drove to a gas station where he again assaulted Dixon.

Howard was indicted for the assault against a family member as a second offense, enhanced by a previous felony conviction. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2) (Vernon Supp. 2007). Howard entered a plea of not guilty.

During voir dire, the State asked the panel whether they could consider the full range of punishment if the State introduced "a number of prior convictions." The trial court sustained Howard's objection to this statement and instructed the State to refrain from giving the impression that Howard had multiple prior felony convictions.

At trial, the State's first witness was Bexar County Sheriff's Deputy Shane Hubner. After establishing the area patrolled by Hubner, the following exchange occurred:

State:      Have you ever met the Defendant before?
Hubner:     Yes, sir.
State:      And what were the circumstances [in] which you met him?
Hubner:     I assisted another deputy, who was placing him in custody for DWI.

Howard immediately objected. After the jury was excused, the prosecutor explained that he had expected Hubner to testify to having met Howard on the date of the gas station assault. The trial court sustained the objection. Howard then moved for a mistrial, arguing that the prejudice from Hubner's testimony, combined with the voir dire reference to "a number of prior convictions," was so great that Howard could not get a fair trial from this jury. The trial court denied the motion.

After the jury returned to the courtroom, the trial court instructed them to disregard Hubner's reference to the DWI incident:

> I am going to ask you, in fact, instruct you to disregard the witness' last answer. There is only one issue in this case, and that is the issue at hand as alleged in the indictment, and that is the only thing to be considered in this case, and again, we trust that you will follow the Court's instructions and disregard everything else, certainly the last answer.

Hubner subsequently testified that while on patrol near the gas station, he observed Howard "smack a female, knocking her off her feet." Howard fled, but was caught and detained. Hubner described Dixon as having a large amount of blood coming from her nose and mouth and a visible bump on her head where she hit the pavement.

The jury found Howard guilty and assessed his punishment at twenty years confinement in the Institutional Division of the Texas Department of Criminal Justice and a $1,000.00 fine.

### STANDARD OF REVIEW

We review a trial court's denial of a motion for mistrial under an abuse of discretion standard. *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003). When a trial court sustains an objection to extraneous offense evidence and gives a curative instruction, the trial court's denial of a new trial should be upheld "if it was within the zone of reasonable disagreement." *Garcia v. State*, 246 S.W.3d 121, 134 (Tex. App.—San Antonio, 2007, pet. ref'd). A mistrial is appropriate "if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error." *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999) (citing *Sewell v. State,* 696 S.W.2d 559, 560 (Tex. Crim. App. 1983)). We consider the facts and circumstances of the case in determining whether the trial court's instruction cured the reference to the extraneous offense. *Hernandez v. State*, 805 S.W.2d 409, 413-14 (Tex. Crim. App. 1990).

## EXTRANEOUS OFFENSE TESTIMONY

Howard contends the trial court abused its discretion in denying his motion for mistrial because Hubner's reference to his prior arrest for DWI, combined with the State's reference to "a number of prior convictions" during voir dire, was so inflammatory that it was incurable by the trial court's instruction to disregard. While conceding that Hubner's reference to the DWI incident was inadmissible,[1] the State argues that the trial court did not err in refusing to grant a mistrial because any prejudice was cured by the instruction to disregard.

"An extraneous offense is any act of misconduct, whether resulting in prosecution or not, that is not shown in the charging papers." *Manning v. State*, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003); *see generally* TEX. R. EVID. 404(b). Evidence of an extraneous offense "is inherently prejudicial, tends to confuse the issues in the case, and forces the accused to defend himself against charges which he had not been notified would be brought against him." *Albrecht v. State,* 486 S.W.2d 97, 100 (Tex. Crim. App. 1972). A witness's inadvertent reference to an extraneous offense will seldom necessitate a mistrial. *Chandler v. State*, No. 05-01-01663-CR, 2003 WL 681241, at *3 (Tex. App.—Dallas Mar. 3, 2003, pet. ref'd) (citing *Ladd,* 3 S.W.3d at 567). Rather, a prompt instruction to disregard will generally cure any prejudice associated with the improper testimony. *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000); *Herrero v. State*, 124 S.W.3d 827, 836 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

A mistrial is warranted, however, in "extreme circumstances, where the prejudice is incurable." *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004); *see also Herrero*, 124 S.W.3d at 836 (stating that mistrials "ought to be exceedingly uncommon and employed

---

[1] Under Texas Rule of Evidence Rule 404(b), evidence of prior criminal conduct is generally inadmissible to prove action in conformity therewith. *Dickson v. State*, 246 S.W.3d 733, 742 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). This rule reflects the well-established principle that a defendant "should not be tried for some collateral crime or for being a criminal generally." *Soffar v. State*, 742 S.W.2d 371, 377 (Tex. Crim. App. 1987).

only when less drastic remedies are inadequate to the task of removing residual prejudice."). Prejudice is incurable only when "the reference was clearly calculated to inflame the minds of the jury or was of such damning character as to suggest it would be impossible to remove the harmful impression from the jurors' minds." *Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998). In such circumstances, a mistrial is required despite an instruction to disregard. *Hinojosa v. State*, 4 S.W.3d 240, 253 (Tex. Crim. App. 1999).

In analyzing whether an event is so prejudicial that the case must be re-tried, we consider the factors established in *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998),: (1) the prejudicial effect; (2) the curative measures taken; and (3) the certainty of conviction absent the prejudicial event. *Austin v. State*, 222 S.W.3d 801, 815 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd); *Cloud v. State*, No. 14-07-00847-CR, 2008 WL 2520826, at *3 (Tex. App.—Houston [14th Dist.] June 24, 2008, no pet. h.).

Howard contends that the extraneous offense evidence was incurable when viewed in light of the State's suggestion during voir dire that it would introduce "a number of prior convictions." Howard notes that Hubner was the first witness at trial, and his improper testimony occurred during preliminary questions, shortly after the voir dire remark. Thus, according to Howard, from the outset, the jury was exposed to a highly prejudicial DWI arrest that also served to reinforce the impression that Howard had an extensive criminal record. Howard argues that because of this cumulative prejudice, the jury was incapable of rendering an impartial verdict, the trial court's curative instruction was insufficient, and mistrial was the only appropriate remedy. We disagree.

We first address the prejudicial effect of the references to a previous DWI offense. Even considering the cumulative effect of the voir dire comment and Hubner's testimony, the

prejudice was not so inflammatory that it was incurable. Although evidence of an extraneous offense is inherently prejudicial, Hubner's brief testimony about placing Howard into "custody" was the only reference to a DWI incident during the guilt-innocence phase of the trial. *Archie v. State*, 221 S.W.3d 695, 700 (Tex. Crim. App. 2007); *Borunda v. State*, No. 05-00-00568-CR, 2001 WL 722151, at *2 (Tex. App.—Dallas June 28, 2001, no pet.). Moreover, the impact of testimony about a DWI arrest may not have been very great in light of the offense charged – felony assault of a family member. *Hernandez*, 805 S.W.2d at 414 (improper reference to prior unauthorized use of a motor vehicle did not warrant mistrial where crime charged was "extremely violent" murder). Finally, Howard's prior conviction for family violence was before the jury for jurisdictional purposes. *Id.* Thus, while the testimony relating to Howard's arrest for DWI may have been prejudicial, the trial court could have reasonably concluded that the prejudicial effect was not so great that a mistrial was necessary.

We next address the curative measures taken. As previously noted, the trial court sustained Howard's objection to Hubner's testimony and promptly, unequivocally, and forcefully instructed the jury to disregard it. *See Austin*, 222 S.W.3d at 816; *see also Rojas*, 986 S.W.2d at 250 (finding that trial court's prompt sustaining of objection communicated to jury that it should not consider improper testimony). Except for the prior assault necessary for felony jurisdiction, the State did not mention any DWI arrest or other offense during the rest of the guilt-innocence stage. *See Robinson v. State*, No. 01-04-00717-CR, 2008 WL 2340384, at *6 (Tex. App.—Houston [1st Dist.] June 5, 2008, no pet.) (after trial court instructed jury to disregard testimony that defendant's "work was drugs," there was no further mention of work or drugs at trial). Moreover, the jury charge clearly instructed the jury to wholly disregard statements of counsel

unsupported by the evidence and not to consider the indictment as evidence of guilt. *Hawkins*, 135 S.W.3d at 84-85.

Regarding the certainty of conviction absent the prejudicial event, there was ample evidence to establish Howard's guilt. Hubner testified that he witnessed Howard punching Dixon and observed the injuries to Dixon's face and head. Consistent with this testimony, both Dixon and her six-year-old daughter testified to the assault, and Dixon's supervisor testified to Dixon's injuries. Moreover, letters written by Howard while in jail following his arrest were admitted into evidence. Besides pressuring Dixon to lie to police, Howard wrote, "I'm sorry for hitting you, but you drove me to do it." In light of this evidence, it was very likely Howard would have been convicted even without Hubner's testimony about the DWI incident and the voir dire reference to prior convictions. *Simpson*, 119 S.W.3d at 272-73.

## CONCLUSION

After applying the *Mosley* factors, we cannot say the trial court abused its discretion in denying the motion for a mistrial. Hubner's statement was not so inflammatory or clearly prejudicial that it was incurable. The trial court immediately and forcefully instructed the jury to disregard Hubner's testimony. It was very likely that Howard would have been convicted had the references to extraneous offenses not been made.

Accordingly, we conclude that the trial court did not abuse its discretion in denying Howard's motion for mistrial, and we affirm the judgment of the trial court.

Rebecca Simmons, Justice

DO NOT PUBLISH