**AFFIRMED; Opinion Filed January 31, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00913-CR

**ANTHONY BEANS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F11-72079-Y**

## MEMORANDUM OPINION
Before Justices Moseley, Bridges and Evans
Opinion by Justice Evans

Appellant Anthony Beans appeals from the judgment adjudicating him guilty of aggravated assault with a deadly weapon and his accompanying sentence of twenty years imprisonment. Appellant contends that the trial court abused its discretion by (1) admitting a letter into evidence and (2) not declaring a mistrial after the prosecutor read a portion of that same letter to the jury. Appellant further contends that the judgment should be reformed to delete the order to pay court costs. Finding no merit in appellant's arguments, we affirm the trial court's judgment.

# BACKGROUND

On October 11, 2011, Anthony Beans was charged with aggravated assault causing serious bodily injury involving family violence on his wife, Donna Beans. Appellant pled not guilty and his trial commenced on June 12, 2012. During trial, the State introduced a letter written by appellant to Donna Beans (State's Exhibit 56). Pursuant to Texas Rule of Evidence 410(4), appellant objected on the basis that the letter referenced plea bargain negotiations and agreements. After initially sustaining the objection, the trial court later determined that the letter could be admitted since appellant sent the letter to his wife, not the prosecuting attorney. The trial court did, however, order the redaction of the following sentences from the letter: "I know I've been hearing on the news about how the DA is making it hard on people trying to get out they [sic] situation to be truthful. I'm trying to get a five-year sentence to TDC. I'm so scared to go."[1]

After the State made the redactions, Donna Beans identified State's Exhibit 56 as a letter written to her by her husband on April 23, 2012. The trial court directed the prosecutor to read the letter to the jury. In so doing, the prosecutor read the following paragraph aloud: "Please help me. If you could help me, please, by letting them know that you don't fear for your life. And I have been here long enough to get me five years. I really will be grateful. I will do my time even though I don't want to."

Following appellant's objection, the trial court instructed the jury to disregard the mention of five years and not consider it for any purpose. After excusing the jury, the trial court

---

[1] The trial court noted that it was redacting the letter to accommodate appellant's position but that it could have admitted the letter without redactions based on prior case law: "So by redacting what I have redacted, I have actually bent over backwards to accommodate the defense's position in this case. And, obviously, if I had wanted to follow Willis expressly I would let even that part in. So the letter is coming in."

denied appellant's motion for a mistrial. On June 13, 2012, the jury found appellant not guilty of the offense charged but convicted him of the lesser included offense of aggravated assault with a deadly weapon. The jury set punishment at twenty years confinement and a $10,000 fine. After the trial court denied appellant's motion for a new trial, he filed this appeal.

## ANALYSIS

### I.  Proper Admission of Letter

#### A.  Standard of Review

In his first issue, Beans contends the trial court erred in admitting the redacted version of State's Exhibit 56. A trial court's decision to admit or exclude evidence is viewed under an abuse of discretion standard. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Green v. State*, 934 S.W.2d 92, 102 (Tex. Crim. App. 1996).

#### B.  Texas Rule of Evidence 410

Beans argues that his letter should not have been admitted because it discussed ongoing plea negotiations between his attorney and the State. In the letter, Beans surmises that he might receive a five-year sentence if his wife would state that she did not fear for her life. Texas Rule of Evidence 410 provides that evidence of any statement made in the course of plea discussions with an attorney for the prosecuting authority is not admissible against the defendant. TEX. R. EVID. 410(4). In this instance, Beans's letter was directed at his wife, not the prosecuting attorney. Accordingly, the trial court did not err in admitting State's Exhibit 56. *Willis v. State*, No. 04-09-00349-CR, 2010 WL 2935772 (Tex. App.—San Antonio July 28, 2010, no pet.) (letter from Willis to a police officer proposing plea terms was properly admitted because Rule of Evidence 410 only excludes plea offers or statements made to attorney for the prosecution).

### C. Texas Rule of Evidence 403

Alternatively, Beans argues that the letter should not have been admitted pursuant to Texas Rule of Evidence 403 because the probative value was substantially outweighed by the danger of unfair prejudice.[2] A Rule 403 analysis includes, but is not limited to, four factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005).

The first factor looks to the evidence's probativeness or how compellingly the evidence serves to make a fact of consequence more or less probable. *Id.* Here, Beans voluntarily wrote a letter in which it could be interpreted that he expressed remorse for his actions by stating: "[i]f you could help me, please, by letting them know that you don't fear for your life . . . I really will be grateful. I will do my time even though I don't want to." As these comments could be considered an admission of guilt, the letter is probative of whether he committed the charged offense. *Willis*, 2010 WL 2935772, at *5. ("A trier of fact could reasonably consider the content of Willis's voluntary communication as an admission of the crime charged.").[3]

The second factor asks whether the evidence has the potential to impress the jury in some irrational yet indelible way. *Mechler*, 153 S.W.3d at 440. Rule 403, however, does not preclude all prejudicial evidence; it simply focuses on the danger of unfair prejudice. *Id.* Unfair prejudice

---

[2] Rule 403 provides as follows: "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."

[3] In *Willis,* a case similar to the instant case, the defendant wrote a letter to a police officer in which he proposed a plea bargain agreement. *Willis*, 2010 WL 2935772, at *1. In the letter, the defendant (Willis) proclaimed his willingness to enter a plea of guilty to the charged offense if the State reduced his sentence to five years confinement. *Id.* After the trial court admitted the letter, Willis argued that it should have been precluded based on Rule 403. *Id.* at *4. The Court of Appeals applied the four factors of the Rule 403 analysis and held that the trial court did not abuse its discretion in admitting the letter into evidence. *Id.*

refers "only to relevant evidence's tendency to tempt the jury into finding guilt on grounds apart from proof of the offense charged." *Id.* Here, the letter is prejudicial to Beans, but it is not unfairly prejudicial because this evidence relates directly to the charged offense.

The third factor looks to the time the proponent will need to develop the evidence and whether the jury will be distracted from consideration of the charged offense. *Mechler*, 153 S.W.3d at 441. In this instance, the State needed little time to develop the evidence because the victim identified the letter and the prosecutor read it into evidence. Further, as the letter directly relates to the charged offense, a jury could not be distracted away from the charged offense.

The final factor focuses on the proponent's need for the evidence. Here, as in *Willis,* the letter is an important portion of the State's case because it arguably makes Beans's guilt more probable. *Willis*, 2010 WL 2935772, at *5 ("Willis's letter was important to the prosecution's case and had a significant tendency to make a fact of consequence–his guilt–more probable.").

Following our analysis of Rules 403 and 410, we conclude that the trial court did not abuse its discretion by admitting the letter into evidence. Accordingly, we resolve the first issue against Beans.

## II.     Proper Denial of Motion for Mistrial

In his second issue, Beans contends that the trial court abused its discretion by not declaring a mistrial when the State read a portion of the letter to the jury. As stated above, the prosecutor read the following sentence from Beans's letter into the record: "And I have been here long enough to get me five years." Beans objected and the court instructed the jury to disregard any mention of five years. Beans then requested a mistrial which the trial court denied by stating: "Okay. The [sic] following Willis versus State, I could have let all of that in if I wanted to. That's what the law is, so the mistrial is denied."

The Court of Criminal Appeals has set forth the standard for denial of mistrials:

> A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. Thus, a trial court may properly exercise its discretion to declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error. *Sewell v. State,* 696 S.W.2d 559, 560 (Tex. Crim. App. 1983). The determination of whether a given error necessitates a mistrial must be made by examining the particular facts of the case. *Hernandez v. State,* 805 S.W.2d 409, 413–414 (Tex. Crim. App. 1990), *cert. denied,* 500 U.S. 960, 111 S. Ct. 2275, 114 L.Ed.2d 726 (1991). The asking of an improper question will seldom call for a mistrial, because, in most cases, any harm can be cured by an instruction to disregard. *Ibid.* A mistrial is required only when the improper question is clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors. *Ibid.* A trial court's denial of a mistrial is reviewed under an abuse of discretion standard. *State v. Gonzalez,* 855 S.W.2d 692, 696 (Tex. Crim. App. 1993).

*Ladd v. State,* 3. S.W.3d 547, 567 (Tex. Crim. App. 1999), *cert. denied,* 529 U.S. 1070 (2000).

As the trial court itself acknowledged, the letter in its entirety could have been read aloud to the jury. Accordingly, we cannot conclude that the trial court abused its discretion in denying a mistrial. The second issue is resolved against Beans.

### III.     Reformation of Court Costs Unnecessary

In his final issue, Beans contends that the judgment should be reformed to delete the court costs. Specifically, appellant argues the evidence is insufficient to support the imposition of court costs because the clerk's record does not contain a written bill of costs. In light of this fact and appellant's specific complaint that the clerk's record did not contain a bill of costs, we ordered the Dallas County District Clerk to file a supplemental record containing a detailed itemization of the costs assessed in this case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted). Accordingly, appellant's complaint that the evidence is insufficient to support the imposition of costs because the clerk's record did not contain a bill of costs is now moot. *See*

*Coronel v. State,* 05-12-00493-CR, 2013 WL 3874446, at \*4 (Tex. App.—Dallas July 29, 2013, pet. ref'd).

Appellant has also filed an objection to the supplemental clerk's record arguing that (1) the bill of costs contain unsigned, unsworn computer printouts that fail to constitute a proper bill of costs for purposes of article 103.001 of the Texas Code of Criminal Procedure and (2) there is no indication that the computer printouts were ever filed in the trial court or brought to the attention of the trial judge before the costs were entered in the judgment. We have previously addressed and rejected these arguments in *Coronel. See id.* at \*4–5. Accordingly, we overrule appellant's objection to the supplemental record and resolve the third issue against Beans.

## CONCLUSION

We resolve appellant's issues against him and affirm the trial court's judgment.

/ David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120913F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTHONY BEANS, Appellant

No. 05-12-00913-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas
Trial Court Cause No. F11-72079-Y.
Opinion delivered by Justice Evans.
Justices Moseley and Bridges participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 31st day of January, 2014.

/David Evans/
DAVID EVANS
JUSTICE