ACCEPTED
01-15-00410-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/26/2015 10:09:25 AM
CHRISTOPHER PRINE
CLERK

## No. 01-15-00410-CR

In the
**Court of Appeals**
For the
**First District of Texas**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

8/26/2015 10:09:25 AM

CHRISTOPHER A. PRINE
Clerk

——————◆——————

## No. 1459599

In the 232nd District Court
Of Harris County, Texas

——————◆——————

**RICHARD RECIO, JR.**
*Appellant*
V.
**THE STATE OF TEXAS**
*Appellee*

——————◆——————

APPELLANT'S BRIEF

——————◆——————

**CELESTE BLACKBURN**
Attorney at Law
333 N. Rivershire Dr.; Suite 285
Conroe, Texas 77304
Texas State Bar Number: 24038803
Telephone: 936.703.5000
celesteblackburn@gmail.com

ORAL ARGUMENT NOT REQUESTED

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 38.1(e), the Appellant does not request oral argument.

## IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 38.1(a), a complete list of the names of all interested parties is provided below.

Trial Judge:     Honorable Mary Lou Keel, Presiding

Appellant:      Richard Recio, Jr.
01995432
Garza West Unit
4250 Highway 202
Beeville, Texas 78102

Appellate Counsel for Appellant: Celeste Blackburn
333 N. Rivershire Dr., Suite 285
Conroe, Texas 77304

Trial Counsel for Appellant:  Craig Hughes
7322 Southwest Freeway, Suite 1100
Houston, Texas 77074

Appellate Counsel for the State: Alan Curry
Harris County District Attorney's Office
1201 Franklin, Suite 600
Houston, Texas 77002

Trial Counsel for the State:  Aimee Bolletino
Harris County District Attorney's Office
1201 Franklin, Suite 600
Houston, Texas 77002

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ................................................i

IDENTIFICATION OF THE PARTIES ...................................................i

TABLE OF CONTENTS.................................................................. ii

INDEX OF AUTHORITIES............................................................ iii

STATEMENT OF THE CASE............................................................1

ISSUES PRESENTED....................................................................1

STATEMENT OF FACTS ...............................................................1

SUMMARY OF THE ARGUMENTS ....................................................4

APPELLANT'S FIRST POINT OF ERROR .............................................4

APPELLANT'S SECOND POINT OF ERROR.......................................9

CONCLUSION ...........................................................................11

CERTIFICATE OF SERVICE ..........................................................12

CERTIFICATE OF COMPLIANCE....................................................12

# INDEX OF AUTHORITIES

**CASES**

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010)(plurality op.)...........................9

*Hinojosa v. State*, 4 S.W.3d 240 (Tex. Crim. App. 1999)....................................................7

*Jackson v. Virginia*, 443 U.S. 307 (1979) ..........................................................................9

*Ladd v. State*, 3 S.W.3d 547 (Tex. Crim. App. 1999). .......................................................5

*Ovalle v. State*, 13 S.W.3d 774 (Tex. Crim. App. 2000).....................................................7

*Sewell v. State*, 696 S.W.2d 559 (Tex. Crim. App. 1983)...................................................5

*State v. Gonzalez*, 855 S.W.2d 692 (Tex. Crim. App. 1993) ..............................................5

**STATUTES**

TEX. PENAL CODE §29.02(a)(2)...........................................................................................9

**RULES**

TEX. R. APP. P. 38.1(a) .........................................................................................................i

TEX. R. APP. P. 38.1(e) .........................................................................................................i

TEX. R. EVID. 401 .................................................................................................................6

TEX. R. EVID. 403 .................................................................................................................6

TEX. R. EVID. 404(b) ............................................................................................................6

**TO THE HONORABLE FIRST COURT OF APPEALS:**

## STATEMENT OF THE CASE

On February 23, 2015, Appellant was charged by indictment with robbery in trial court cause number 1459599. (CR 6).[1] A jury found Appellant guilty as charged in the indictment on April 23, 2015, and sentenced him to 25 years confinement in the Texas Department of Corrections—Institutional Division. (CR 59, 64; 4RR 20, 83).[2] On April 23, 2015, Appellant filed notice of appeal, and the trial court certified his right to appeal. (CR 68, 71).

———————◆———————

## ISSUES PRESENTED

First Issue:         Did the trial court abuse its discretion in denying Appellant's motion for a mistrial?

Second Issue:      Is the evidence sufficient to support Appellant's conviction for robbery?

———————◆———————

## STATEMENT OF FACTS

On June 19, 2014, around 10:00 p.m., Carlos Maldonado ("Maldonado") was driving home from work, when he stopped to make a turn at a dead-end street.

---

[1] The Clerk's Record on appeal is designated by "CR" followed by page number.

[2] The Reporter's Record on appeal is designated by volume number, followed by "RR," followed by page number.

(3RR 12-15, 27-28, 69). A male, later identified as Appellant, approached Maldonado's vehicle with what appeared to be a gun and Maldonado got out of the vehicle.[3] (3RR 15-16, 69, 120). The male took Maldonado's vehicle, cell phone, and "things" out of his wallet. (3RR 18, 70-71). As the male drove off in Maldonado's vehicle, another car that was parked nearby left at the same time at a high rate of speed, and the other vehicle appeared to be associated with the male. (3RR 18-19, 29).

Arnold Pyle ("Pyle"), who lived nearby, lent Maldonado his cell phone to call the police. (3RR 19, 30, 130, 143). Rafael Flores, a Houston Police Officer, arrived soon after, and Maldonado provided them a description of the male who robbed him and identifying information on his vehicle. (3RR 20-22, 31, 65-67, 93). Later, the police called Maldonado, and Maldonado went to a location where he observed his vehicle and cell phone. (3RR 23, 32-33, 82). A few days later Maldonado was shown a photo array by Daniel Salinas, an Investigator with the Houston Police Department, and he identified Appellant as the male who robbed him. (3RR 24-25, 103, 114; State Exhibit 9).

Jennifer Allen ("Allen") and Rafael Flores, Houston Police Officers, were called out the original scene. (3RR 48-49, 51, 63). Later, around 12:20 a.m., when they were pulling into a gas station to get a snack, they observed Maldonado's

---

[3] Maldonado only speaks Spanish, and he could not understand the English words the male was saying. (3RR 16-17, 28).

stolen vehicle. (3RR 53-54, 57). Appellant's brother was driving the vehicle, and Appellant was in the front passenger seat. (3RR 58; State exhibit 8 – photo of Appellant's brother; State exhibits 7, 11 – photos of Appellant). Allen observed Appellant put a cell phone that was later identified as Maldonado's on top of the vehicle. (3RR 59). Eric Flores, a Houston Police Officer, was called out to the "vehicle found" call.[4] (3RR 42-43). He searched the vehicle and found what appeared to be a handgun underneath the front passenger seat.[5] (3RR 45).

Prior to Maldonado being robbed, a male approached Pyle, who was working on his motorcycle in his driveway, around 10:00 p.m.. (3RR 130, 135). The male asked Pyle if he wanted to purchase a gun, however, Pyle could see that the gun did not really work. (3RR 136). The male told Pyle, "It works, I'll show you," and then started walking to Maldonado's car and robbed him. (3RR 138-39). Pyle's view of the robbery was obstructed, but he observed the male point the gun at the car, open the door, and get Maldonado out. (3RR 139). He heard the male say, "Get out or I'll shoot you." (3RR 141). Pyle then observed the male get into Maldonado's vehicle and drive away. (3RR 142). As Maldonado's vehicle drove away, Pyle observed a male jump out of a parked vehicle, cover the license plate of that vehicle, and then that vehicle "took off" along with Maldonado's vehicle.

---

[4] Eric and Rafael Flores are brothers. (3RR 66).

[5] The handgun was later determined to be a "firing gun," that only fires blanks. (3RR 80).

3

(3RR 142, 145). The driver of that vehicle appeared to be a female. (3RR 142, 146). Pyle was also shown a photo array that included Appellant's photograph, but he was unable to identify anyone in the array. (3RR 120, 127).

———————◆———————

## SUMMARY OF THE ARGUMENTS

First Point of Error:    The trial court abused its discretion in denying Appellant's motion for a mistrial. Accordingly, Appellant's conviction should be reversed and remanded to the trial court for a new trial.

Second Point of Error:    The evidence is insufficient to support the jury's finding of guilty. Therefore, Appellant's conviction should be reversed and an acquittal entered.

———————◆———————

## APPELLANT'S FIRST POINT OF ERROR

The trial court erred in denying Appellant's request for a mistrial when Investigator Daniel Salinas informed the jury that Appellant was in custody for being a felon in possession of a firearm. (3RR 107-109). A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Ladd v. State*, 3 S.W.3d 547, 567

(Tex. Crim. App. 1999). Thus, a trial court may properly exercise its discretion to declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error. *Id*. (citing *Sewell v. State*, 696 S.W.2d 559, 560 (Tex. Crim. App. 1983)). A trial court's ruling on a motion for mistrial is reviewed for an abuse of discretion. *Id*. (citing *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993)).

Here, there was testimony that Salinas obtained Appellant's "booking picture which was from that previous day." (3RR 106). Then, on direct examination, the prosecutor asked Salinas to describe what putting a "hold on somebody" means. (3RR 107). In response to that question, Salinas explained: "When they put a robbery hold on somebody they – either they've called a District Attorney and they've had enough probable cause to place a charge on somebody at that point or if they haven't they have another type of charge. In this case I believe it was felon in possession of a firearm." (3RR 107). Obviously, this testimony informed the jury that Appellant was arrested and accused of being a "felon in possession of a firearm."

As a response to this testimony, the trial court stopped the testimony and retired the jury to the jury room. (3RR 107). Outside of the jury's presence the trial court admonished Salinas that his testimony alluded to Appellant's prior criminal

5

history. (3RR 107). The trial court properly noted that the testimony was irrelevant and was "highly prejudicial." (3RR 107). Salinas was further admonished not to refer to any prior criminal history again. (3RR 108).

Appellant's trial attorney requested that the jury being instructed to disregard the testimony regarding Appellant's prior criminal history, and the trial court granted his request. (3RR 108). The trial court informed the jury, "Ladies and Gentlemen if you heard any testimony that suggested that the Defendant might have any prior criminal history the Court's going to instruct you not to consider that. Disregard it and not use it at all for your deliberations in this case in trial." (3RR 109). Appellant's trial attorney also moved for a mistrial, which was denied by the trial court. (3RR 108).

As the trial court correctly noted, Salinas' testimony regarding Appellant being charged with a felon in possession of a weapon was not just prejudicial, rather it was "highly prejudicial" and irrelevant. It introduced into evidence not only Appellant's prior felony criminal history, but also evidence of an extraneous criminal offense alleged to have been committed by Appellant. Additionally, it was unresponsive to the question asked by the prosecutor. Admission of irrelevant and "highly prejudicial" evidence is error. *See* TEX. R. EVID. 401, 403, and 404(b).

The trial court correctly granted Appellant's request for an instruction to disregard. However, an instruction to disregard was not sufficient to cure the error

in this case. Appellant understands that "typically, any harm caused from an improper question and answer is cured by an instruction to disregard." *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000). As is the case here, a mistrial is required when the improper evidence is "clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on the minds of the jury." *See Hinojosa v. State*, 4 S.W.3d 240, 253 (Tex. Crim. App. 1999).

Here, the testimony was clearly presented by Salinas with the intent to inflame the minds of the jury. His testimony regarding Appellant's "hold" being placed on him due to him being a "felon in possession of a firearm" was not responsive to the general question asked by the prosecutor, neither was it necessary to respond to her question. Further, Salinas testified that he has been a police officer for more than six years, so it is not reasonable to believe that he was unaware that the admission of a defendant's criminal history and extraneous offense are irrelevant and inadmissible during the guilt-innocence phase of trial. (3RR 104). There is no other explanation for his unresponsive testimony other than to inject this "highly prejudicial" evidence before the jury. Because the admission of this evidence of Appellant's prior *felony* criminal history and an alleged extraneous offense was severe and calculated to inflame the minds of the jury, this factor weighs in favor of a mistrial.

The trial court did, *sua sponte*, take measures to cure the error. It admonished Salinas regarding further testimony of that nature, and it instructed the jury to disregard the testimony. However, this testimony was of such a character to *suggest* the impossibility of withdrawing the impression produced on the minds of the jury. Specifically, the jurors were informed that not only did Appellant have a criminal history, but that it was a prior felony conviction. Additionally, this testimony is combined with the testimony that he was a "felon in possession of a firearm," to put evidence of an alleged extraneous offense in front of the jury, which further *suggests* the impossibility of the instruction to disregard being able to cure the improper testimony. Therefore, this factor also weighs in favor of a mistrial.

The testimony is of the nature to clearly inflame the minds of the jury and is of such a character to suggest the impossibility of withdrawing the impression produced on the minds of the jury. Accordingly, the trial court abused its discretion in denying Appellant's request for a mistrial regarding Salinas' irrelevant and "highly prejudicial" testimony as the instruction to disregard was insufficient to cure the error. Appellant's conviction should be reversed and the case remanded back to the trial court for a new trial.

## APPELLANT'S SECOND POINT OF ERROR

A rational jury could not infer that Appellant was the male who committed the robbery of Maldonado; therefore, the evidence presented at trial is insufficient to sustain Appellant's conviction for robbery. An appellate court reviews the evidence in the light most favorable to the jury's verdict and determines whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the accused guilty of all the elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010)(plurality op.). Appellant was charged with unlawfully, while in the course of committing theft of property owned by Carlos Maldonado, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place Carlos Maldonado in fear of imminent bodily injury and death, by pointing what appeared to be a firearm at Carlos Maldonado. (CR 6); *see* TEX. PENAL CODE §29.02(a)(2).

Here, the record is insufficient to support the jury's finding that Appellant was the male who committed the robbery of Maldonado. There is ample evidence that another person, possibly Appellant's brother, was the person who committed the robbery. Specifically, Maldonado testified that the person he picked out of the photo array was not Appellant; Appellant and his brother look similar; Pyle – who spoke face-to-face with the male seconds before the robbery – was unable to

identify Appellant; and, although, Appellant was found in Maldonado's vehicle it was hours after the robbery and his brother was the driver. (3RR 37, 120, 137, 144; State's exhibits 7 & 8). Further, there was no fingerprint testing of the firing gun to see if Appellant ever held it, and Salinas never showed a photo array of Appellant's brother to either Maldonado or Pyle. (3RR 127).

Because there is insufficient evidence Appellant was the male who committed the robbery, the evidence presented at trial is insufficient to sustain Appellant's conviction for robbery; and, accordingly, Appellant's conviction should be reversed and an acquittal entered.

## CONCLUSION

It is respectfully submitted that the trial court erred in denying Appellant's motions for a mistrial, and the conviction should be reversed and remanded back to the trial court for a new trial.

It is further respectfully submitted that the evidence is insufficient to support Appellant's conviction for robbery; accordingly, Appellant's conviction should be reversed and an acquittal entered.

CELESTE BLACKBURN
Attorney at Law
333 N. Rivershire Dr.; Suite 285
Conroe, Texas  77304
Texas State Bar Number: 24038803
Telephone: 936.703.5000
celesteblackburn@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been mailed to

Appellee's attorney at the following address on August 26, 2015:

Alan K. Curry
Assistant District Attorney
Harris County District Attorney's Office
1201 Franklin; Suite 300
Houston, Texas  77002

**CELESTE BLACKBURN**

## CERTIFICATE OF COMPLIANCE

This is to certify that this brief contains a total of 2,642 words, according to

the word count on Microsoft Word.

**CELESTE BLACKBURN**